JOHN L. WINSHIP

*vs.*

PORTLAND LEAGUE BASE BALL AND ATHLETIC ASSOCIATION.

Cumberland.    Opinion January 18, 1887.

*Contract for services.    Discharge of employee without cause.    " Satisfactory."*
A contract for employment provided that if the employee failed to comply with the agreements or rules of certain base ball clubs, or became careless or indifferent, or conducted himself in such a manner as to injure the employer, or became ill or otherwise unfit from any cause whatever, in the judgment of the employer, to fulfill in a satisfactory manner his duties, then the employer should have the right to discipline, suspend or discharge him, and should be the sole judge of the sufficiency of the reason for so doing. *Held*, that his discharge without the existence, or an adjudication of the existence of a reason, and without alleging any reason, was a breach of the contract.

ON report from superior court.

An action for damages for breach of a contract under the

rules of the Eastern New England Association of Base Ball Clubs, by which the plaintiff engaged to manage base ball for the defendant for six months, commencing April 15, 1885, for seven hundred and eighty dollars.

The eighth clause of the contract was as follows :

"Eighth. And it is hereby mutually agreed by the said parties hereto, that should the said party of the second part, at any time or times, or in any manner, fail to comply with the covenants and agreements herein contained, or any of them, or with any of the rules and regulations of the said, the Eastern New England Association of Base Ball Clubs, or with the rules and regulations of the said party of the first part, which now are or may hereafter from time to time be made or instituted, or should the said party of the second part at any time or times be careless, indifferent, or conduct himself in such a manner as to injure or prejudice the interests of said party of the first part, or should the said party of the second part become ill or otherwise unfit, from any cause whatever, in the judgment of the said party of the first part, to fulfill in a satisfactory manner the duties which may be required of him by the said party of the first part, then and thereupon, the said party of the first part shall have the right to discipline, suspend or discharge the said party of the second part, as to it the said party of the first part shall seem fit ; and the said party of the first part shall be the sole judge as to the sufficiency of the reason for such said discipline, suspension or discharge."

Other material facts are stated in the opinion.

*George H. Townshend*, for the plaintiff.

*Frank S. Waterhouse*, for the defendant.

WALTON, J.    The only question is whether upon the plaintiff's evidence alone, no evidence being offered in defense, this action is maintainable.    We think it is.    The defendants contracted with the plaintiff for his services for six months.    The contract is in writing.    At the end of three months and a half they discharged him.    No reason was given for the discharge. Apparently there was none.    The defendants claim that by the

terms of their contract they had a right to discharge him at any time. We think the contract did not give them that right. It reserved to them the right to discharge him if from negligence, or illness, or from any other cause, he became unfit to fulfill the duties required of him, and it reserved to them the right to be the sole judges of the sufficiency of the reason for such discharge. But it did not reserve to them the right to discharge him without a reason. And in judging of the sufficiency of the reason we think the law would require of them the utmost good faith. It would not allow them to give a false reason. It would not allow them to falsely pretend that he was incompetent or inefficient when their real reason was his refusal to submit to a reduction of his compensation. The error of the defendants seems to have been in the assumption that because they had a right to judge of the sufficiency of the reason for his discharge, therefore they had a right to discharge him at their own will and pleasure, and without giving him any reason for so doing. We think the contract will not bear this interpretation. We think that notwithstanding the right of the defendants to judge of the sufficiency of the reason for discharging the plaintiff, that the reason must have been one which, to some extent at least, unfitted him for the discharge of the duties required of him. No such reason is shown to have existed, or to have been adjudged by the defendants to exist; and we think his discharge without the existence, or an adjudication of the existence, of such a reason, was a breach of their contract, and renders them liable to him for some damages. *Sutherland* v. *Wyer*, 67 Maine, 64.

> *A default is to be entered, and the damages assessed at nisi prius, as agreed in the report.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.