Lister's Agricultural Chemical Works *vs.* Pender.

(Decided 24th March, 1891.)

---

LISTER'S AGRICULTURAL CHEMICAL WORKS *vs.* CHARLES R. PENDER.

*Master and Servant—Contract of Hiring—Accord and Satisfaction.*

The plaintiff entered into the service of the defendant as a travelling salesman on the 3rd of January, 1888, and under the written contract dated the following day, he was guaranteed employment until the 1st of July, 1888. At the expiration of that period there was no new contract, and the employment continued as under the orginal contract for a second period of six months, and a third period of six months was entered upon without any change being suggested as to the terms of employment. Early in the third period the plaintiff was discharged. HELD:

That the plaintiff's term of employment continued to the end of the third period of six months.

Where in an action to recover for the balance of a term of alleged employment, salary which would have been received if the plaintiff had been allowed to continue in the service of the defendant until the expiration of the term, it appears that after the discharge of the plaintiff there was a settlement had, and

Lister's Agricultural Chemical Works *vs.* Pender.

the plaintiff received of the defendant a check dated the 14th of February, 1889, that expressed on its face that it was in full, to that date for expenses and salary to the first of March; and thereupon he gave the defendant a receipt for the amount of the check expressing on its face that it was in payment of salary to the 1st of March, and expenses to date, and an officer of the defendant testified that the settlement was final, it is error to refuse to instruct the jury that if the payment made by the defendant was in full for plaintiff's services and for all his claims upon the defendant, and that the plaintiff accepted said sum, then such settlement operated as an accord and satisfaction of plaintiff's claim, and he was not entitled to recover.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court. The plaintiff recovered a verdict for $402.00 and judgment was entered therefor. The defendant appealed.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*R. S. Culbreth,* for the appellant.

*John T. Mason, R.,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

This is an action of assumpsit brought by the appellee against the appellant, to recover for alleged breach of contract in discharging the plaintiff from employment, before the expiration of the time contracted for. The action was brought after the expiration of the term of alleged employment, and the claim is for the wages that would have been receivable, if the plaintiff had been allowed to continue in the service of the defendant until the expiration of the term. The declaration contains the common counts, for work and labor performed, money had and received, accounts stated, &c., and a special

Lister's Agricultural Chemical Works *vs*. Pender.

count on the contract of employment. The defendant pleaded, never indebted as alleged, and never promised as alleged; and the case was tried before the Court without the aid of a jury.

The plaintiff was, by vocation, a travelling salesman, and he entered the service of the defendant, according to his testimony, on the 3rd of January, 1888, the first two days of that month being observed as holidays. As evidence of the contract of employment, the plaintiff produced a letter of the defendant, addressed to him at Baltimore, Md., dated January 4th, 1888, in which it is stated—" We will give you one hundred ($100) dolls. per month to travel, and sell and collect for us, as we may direct. When not on the road, you to assist in the general office work. We will guarantee you employment at least until the 1st of July, 1888, in exchange' for your best efforts, and feel sure it will .result in a permanent engagement." This letter was duly signed by the defendant, and delivered to the plaintiff.

The plaintiff continued his services until the first of July, 1888, according to the contract, and at that time, nothing being said, and no disagreement having occurred, he continued on as usual, performing the same duties and receiving the same salary, and so until the second period of six months had passed, and the third period of six months of service had been entered upon by the plaintiff—the defendant all the while accepting the services of the plaintiff, with apparent satisfaction, and paying the salary, according to the terms of the original contract of employment.

However, on the 7th of February, 1889, the defendant wrote to the plaintiff the following letter, addressed to him at Charlotte, N. C., where he was then engaged in the service of the defendant:

"Dear sir: Yours of the 5th inst. at hand, and contents noted. The directors do not know of any other

position in which they can place you; therefore send in the amount of your travelling expenses, and the date you finish with us, and we will send check for what balance is due you.

" We are very sorry, but all the positions are filled at present, but if we should require your services at another time, will let you know. Send your address, that we may know where to find you if wanted. Thanking you for your attention to business, we are,

"Yours respectfully,

"LISTER'S A. C. WORKS,

"Edward Lancaster, Sec'y."

Upon the receipt of this letter the plaintiff at once repaired to Newark, N. J., as he says, to protest against his discharge. And while there a transaction occurred between the parties, in regard to which there is considable discrepancy in the testimony, and upon which is raised one of the principal questions in the case. There was a settlement had, and the plaintiff received of the defendant a check on a banking house in Newark, dated February 14th, 1889, for $134.60, expressing on its face, that it was in full to that date for expenses, and salary to first of March following; and thereupon he gave the defendant a receipt for the amount of the check, expressing on its face that it was in payment of salary to first of March, and expenses to February 14th, in full.

At the trial the plaintiff offered one prayer, which was granted, and the defendant offered two, both of which were rejected. And the rulings of the Court on these prayers raise the only questions that are presented on this appeal.

The prayer of the plaintiff was to the effect, that if the Judge believed that the plaintiff entered and continued in the service of the defendant from January 4th, 1888, to February, 1889, upon the terms mentioned in the letter of January 4th, 1888, without any other agree-

ment, and that he was discharged from such service on the 7th of February, 1889, *without good cause therefor*, then the plaintiff was entitled to recover so much of the salary agreed upon as remained unpaid up to the first day of July, 1889, less what the plaintiff may have earned during the four months previous to the latter date.

The defendant's first prayer was in effect the converse of the plaintiff's prayer, and it asked the Court to declare that, by the true construction of the contract as expressed in the letter of January 4th, 1888, the hiring was for an indefinite time after July 1st, 1888, and that it was the right of either party to the contract to put an end thereto, without notice, at his or its option. And by the defendant's second prayer the Court was asked to declare, that if the defendant paid the plaintiff, on the 14th of February, 1889, the sum of $134.60, *in full for his services, and for all claims of the plaintiff upon the defendant*, and that the plaintiff accepted said sum, such settlement operated as an accord and satisfaction of the plaintiff's claim, and that he was not entitled to recover.

The first question presented is that in regard to the true construction of the contract. As we have seen, the letter of the 4th of January, 1888, is definite in regard to time only as to the first six months, ending July 1st, 1888. The defendant guaranteed employment to the plaintiff until that date. At the expiration of that period, there was no new contract, and the employment continued as under the original contract for a second period of six months, and a third period of six months was entered upon without any change being suggested as to the terms of employment. And such being the case, it would seem to be fully embraced within the principle adopted by this Court in *McCullough Iron Co. vs. Carpenter*, 67 *Md.*, 554. In that case, adopting a principle that seems to be well supported by authority,

this Court held, in principle and effect, that where there is a contract for hiring or employment on the one part, and service for salary or wages on the other, for any definite or specified time, there is an implied engagement that the service shall continue for the time specified, unless the conduct of one of the parties be such as to justify the other in dissolving the relation; and at the end of each period of hiring, if the parties do not disagree, or come to some new understanding, and the employé continues in the same service, the presumption arises that he is engaged and continues under the original contract, and such service cannot be terminated at the mere will of one of the parties, but only at the end of the current period, unless the employé be guilty of some misconduct that will warrant dismissal.    Here the plaintiff's prayer, which was accepted by the Court, would seem to embody correctly enough the proper construction of the contract; but it is erroneous in excluding from consideration the defence set up by the defendant, that of accord and satisfaction.    It is true, the second prayer of the defendant, which sought instruction of the Court in regard to that defence, was specially excepted to, upon the ground that there was no evidence legally sufficient to support it; but we think there was evidence tending to support the prayer.    The fact that the settlement was made in the middle of the month when, according to the terms of the contract, no wages were due, and that too, after notice of discharge from employment; the terms of the check and receipt; the payment of wages to the 1st of March, when service had not continued to that time, and, so far as the defendant was concerned, none was contemplated; and the acceptance of a letter to enable the plaintiff to procure new employment from an agent of the defendant;—were all circumstances proper to be considered as reflecting upon the question of the finality of the settlement of

February 14th, 1889. Besides these circumstances, we have the positive testimony of Mr. Hay, the vice-president of the defendant, with whom the settlement was made, and he swears that the settlement was final; that the plaintiff thought he ought to receive pay to the 1st of March, and that they *compromised*, and the check was drawn for wages to the first of March, according to the contention of the plaintiff.

It is urged, however, that there was no sufficient consideration to make such settlement operate as a good accord and satisfaction, or to operate as a discharge of all claims by the plaintiff against the defendant, in respect to the contract of employment, even if it had been so intended; and moreover, that the plaintiff did not in fact accept the check in full satisfaction of all claims against the defendant. But, however this may be as matter of fact, the principle is well settled that payment and acceptance of a, part of a debt, *before the time it becomes due*, in satisfaction of the whole, may be a sufficient satisfaction and discharge. *Co. Litt.*, 212b. And it is equally well settled, that if the plaintiff did in fact, in the free exercise of his will, accept the check, though but for a moment, for that for which the defendant paid it, that is, in discharge of all liability on the contract of employment, he could not afterwards, by subsequent dissatisfaction, get rid of the effect of it. *Hardman vs. Bellhouse*, 9 *Mees. & W.*, 596. Whether the check was paid in such full satisfaction and discharge by the defendant, and so accepted by the plaintiff, are questions of fact that must be tried and determined in the Court below on retrial of the case.

It has been also insisted, that as the contract of employment was not specially mentioned or referred to in the settlement, or in the check and receipt that were passed, therefore the settlement should not be allowed to have the effect of discharging all claim of the plain-

tiff against the defendant under the contract. But it must not be forgotten that the only subject-matter of settlement was the claim of the plaintiff for services under the contract, and the question of his discharge from further service. If the settlement was intended to be final as between the parties, it could have no other reference than to the contract of employment, and the rights thereunder. *Vedder vs. Vedder*, 1 *Denio*, 257; 2 *Greenl. Ev., sec.* 28*a*.

For the reasons stated we think there was error in granting the plaintiff's prayer, and in rejecting the second prayer of the defendant; and we must therefore reverse the judgment and award a new trial.

*Judgment reversed, and*
*new trial awarded.*

(Decided 24th March, 1891.)