MICHAEL LAUGHLIN v. SCHOOL-DISTRICT No. 17 OF THE CITY OF JACKSON AND TOWNSHIP OF BLACKMAN.

*Schools and school-districts—Contract—Yearly hiring.*

1. Where, by a resolution of the board of trustees of a school-district, the lowest bidder for the janitorship of its school building is employed for such time as he shall faithfully perform the duties of the position to the satisfaction of the board, and no longer, and, after a year's trial, he is re-employed from year to year at an annual salary, it cannot be assumed, as matter of law, that the parties understood that the board, with each re-employment, reserved the right to terminate the contract of hiring at will.

2. Plaintiff was employed as janitor of a school-house for such time as he should faithfully perform the duties of his position satisfactorily to the board of trustees, and no longer. After serving one year, he was re-appointed by resolution, yearly, for four years at an annual salary, after which no formal appointments were made for three years, but during which time he acted as before, and after that he was re-appointed for two years. No resolution for his re-appointment was made for the following year, but he entered upon the same, and, after serving a month, his place was filled by another person, and he sued the district to recover his salary for the remainder of the year. And it is held that there was a yearly hiring, and that, as respects the employment for the year sued for, the facts bring the case within the rule laid down in *Tallon v. Mining Co.*, 55 Mich. 147; *Sines v. Superintendents of Poor*, 55 Id. 383, 58 Id. 503.

Error to Jackson. (Peck, J.) Argued January 4, 1894. Decided January 26, 1894.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Eugene Pringle (Austin Blair,* of counsel), for appellant.

*Barkworth & Blair,* for plaintiff.

McGRATH, C. J. Plaintiff was engaged as janitor by defendant in August, 1878, and continued as such until October, 1888. He sues to recover his salary from the time of his discharge until the 1st of September, 1889, claiming an employment for the year ending with the last-named date. His first employment was under the following resolution:

"On motion, the board proceeded to open bids for jan-itorship of the Central building for 1878–79, and, the bid of M. Laughlin being the lowest, namely, $300, and furnish all materials for doing the work, the contract was awarded to him, provided he furnish satisfactory proof of his ability to manage the steam-heating apparatus in a safe manner."

At the next meeting of the board it was resolved—

"That the contract with the janitor shall include salary at the rate of $300 per year, and that he shall be retained at such salary during such time as he faithfully performs the duties of his position satisfactorily to the board, and no longer."

On June 16, 1879, "on motion, the present janitor was re-appointed, at a salary of $350, for 12 months. Resolutions were adopted in June, 1880, June, 1881, and June, 1882, re-appointing him "for the ensuing year at the same salary as last year." No formal re-appointment was made in 1883, 1884, or 1885. In July, 1886, and on June 14, 1887, resolutions were adopted, re-appointing him for another year. On June 21, 1887, the committee on teachers "recommended that the proposition of the janitor to give his entire time to the district for $500 per annum be accepted," and, on motion, the report of the committee

was unanimously adopted.    No resolution re-appointing
plaintiff was adopted in 1888.

The election in 1888 resulted in changes in the board,
and on October 2, 1888, "Mr. Terry moved that the board
proceed to ballot for janitor." Yeas, 4; nays, 2.    The
record recites that "Mr. Palmer protested against the elec-
tion of janitor on the ground that one is already in the
employment of the board." The board then proceeded to
vote for a janitor.    On a yea and nay vote, five only voted,
three of whom voted for Thomas Harris, and Harris "was
declared the choice of the board for janitor for the balance
of the year."

The record clearly discloses a yearly hiring. Respecting
the employment for the year commencing September 1,
1888, the facts bring the case within the rule laid down
in *Tallon v. Mining Co.*, 55 Mich. 147; *Sines v. Superin-
tendents of Poor*, 55 Id. 383, 58 Id. 503.

The principal contention is that, the original contract
being for an indefinite period, the condition of that con-
tract, viz., that plaintiff should be retained "during such
time as he faithfully performs the duties of his position
satisfactorily to the board, and no longer," must be con-
sidered as attaching to each re-employment, and under this
provision the board might remove him at will.    This con-
tention    cannot    be    sustained.    The    original    resolution
selected plaintiff by reason of his being the lowest bidder
for the work.    It was for no fixed period.    The subsequent
hirings were after trial, and for fixed terms, and it cannot
be assumed that the parties understood that the board,
with each re-employment, reserved the right to terminate
the contract at will, if such be the effect of the provision.

The court left it to the jury to determine whether this
provision continued to form a part of the contracts of
re-employment, and exception is taken to the instruction,
in that connection, that, if a part of the contract, the

board might discharge the plaintiff whenever, in the judgment of the board, plaintiff failed to perform his duties to the board's satisfaction, and that "in that case the board's judgment was conclusive, and, if exercised in good faith, could not be questioned." There was no error in this instruction. Defendant had introduced a mass of testimony tending to show that plaintiff was, at the last election for members of the school board, actively opposed to the election of certain of the successful candidates. Plaintiff then offered testimony clearly tending to show that, at the meeting when Harris was elected to succeed plaintiff, one of said successful candidates was asked if there were any complaints against plaintiff, and replied: "No; he has always done his work all right, but we can get some one else that will do it just as well." The instruction was proper, under the circumstances. *Winship v. Association,* 78 Me. 571.

We think it may fairly be inferred from the record that the secretary of the board had the superintendence of the janitor, and that the permits granted by the secretary for short absences absolved plaintiff from any charge of neglect of duty. The court instructed the jury that the board, in the absence of any express provision in the contract upon that subject, had the undoubted right to discharge plaintiff for neglect of duty. The defendant was allowed a wide range upon the trial, and we find no prejudicial error in the record.

The judgment is therefore affirmed.

The other Justices concurred.