TENZER et al., Respondents, v. GILMORE et al., Appellants.

**St. Louis Court of Appeals, October 2, 1905.**

1. **PLEADING: Contract of Employment: Breach of Contract: Discharge of Employee.** In an action by an employee for damages on account of breach of the contract of employment, by reason of being discharged without cause, it was not necessary to aver that the plaintiff was unable to find other employment before the expiration of the contract period; that plaintiff could have obtained employment elsewhere was a matter of defense.

2. ———: **Parties: Misjoinder of Parties Plaintiff.** In an action on a contract, an objection that under the contract sued on, the plaintiffs had no joint cause of action, should have been raised by demurrer, and cannot be considered after verdict.

3. **CONTRACT OF EMPLOYMENT: Breach of Contract: Mitigation of Damages.** In an action by an employee for damages on account of being discharged without cause, the defendant is entitled to credit, on the contract price for the period of the contract, for earnings which the plaintiff actually obtained in any kind of work, or earnings which the plaintiff might have obtained by reasonable effort in a similar or congenial employment.

4. ———: ———: **Prima Facie Case: Burden of Proof.** In an action for a wrongful discharge, by an employee, the damages *prima facie* are the amount of wages plaintiff could have earned under the contract if fully performed and the burden was on the defendant to show that the damages were actually less.

Appeal from St. Louis County Circuit Court.—*Hon. J. W. McElhinney*, Judge.

AFFIRMED.

*Barclay & Fauntleroy* and *Stern & Haberman* for appellants.

(1) The petition does not state facts sufficient to constitute a cause of action, because it shows upon its

Tenzer v. Gilmore.

face that each of the plaintiffs has a several interest and right of recovery; and it fails to allege that plaintiffs were (or would be) unable to obtain other like employment by reasonable efforts, during the period for which the employment was made (one year) and the petition further shows that the suit was brought within sixty days after the contract was made. Ream v. Watkins, 27 Mo. 516; Lambert v. Hartshorne, 65 Mo. 549. (2) The court erred in giving the instruction on the measure of recovery by plaintiffs, because all plaintiffs were not entitled to recover the whole amount due to each. Under the contract, each was entitled to recover severally, the stipulated amount due to each, only. Robbins v. Ayers, 10 Mo. 538; Owings v. Owings, 1 Har. & G. (Md.) 484; Lindell v. Brant, 17 Mo. 150; Cross v. Williams, 72 Mo. 577. (3) The instruction which cast the burden of proof on defendants to show that plaintiffs could have obtained other employment, within the contract period, and which permitted defendants to have credit only for labor done by plaintiffs in "similar employment to that called for by the contract of employment," was erroneous. Defendants were obviously entitled to credit for any earnings which plaintiff received within the contract period, if defendants were to be held obliged to pay the contract salaries. Miller v. Shoe Co., 26 Mo. App. 61.

*Montague Punch* for respondents.

(1) The burden of showing that the servant was rightfully discharged, and that his damages are less than the contract price, is upon the defendant master. Miller v. Wollman-Todd Boot & Shoe Co., 26 Mo. App. 61; Koenigkraemer v. Missouri Glass Co., 24 Mo. App. 128; Boland v. Glendale Quarry Co., 127 Mo. 524; Hansard v. Menderson Clothing Co., 73 Mo. App. 587. (2) (a) The objection that there is a misjoinder of parties plaintiff, or of causes of action, must be made either by de-

murrer or answer; otherwise, it is waived. Anderson v. McPike, 41 Mo. App. 328; Donahue v. Bragg, 49 Mo. App. 276; Finney v. Randolph, 68 Mo. App. 560; Kellogg v. Malin, 62 Mo. 431; Mills v. Carthage, 31 Mo. App. 143; Hoyle v. Farquharson, 80 Mo. 378; Rothschild v. Lynch, 76 Mo. App. 346. (b) If the parties are improperly joined as co-plaintiffs, defendant should raise the objection by demurrer to the petition, not by motion in arrest of judgment. Edmonson v. Phillips, 73 Mo. 57; Crenshaw v. Ullman, 113 Mo. 638; Seehorn v. Hall, 130 Mo. 261.

GOODE, J.—The plaintiffs, Louis, Mary and Rebecca Tenzer, are father and daughters. Defendants are partners under the firm name of Gilmore & Ruhl, engaged in manufacturing and selling clothing in St. Louis. Plaintiffs sue for the breach of a contract by which they were employed to work in the defendants' tailor shop. This is the contract:

"This agreement, made at the city of St. Louis, Missouri, this 17th day of May, 1902, by and between Gilmore & Ruhl, a copartnership, consisting of parties of the first part, and L. Tenzer, Mary Tenzer and Rebecca Tenzer, parties of the second part, witnesseth: That said parties of the first part agree to and do employ said parties of the second part, and the parties of the second part agree to work for said parties of the first part in their tailoring shop for a period of one year commencing May 19, 1902. The said L. Tenzer represents that he is a competent tailor; said Mary Tenzer represents that she is a competent operator; and said Rebecca Tenzer that she is a competent assistant operator. Said parties of the second part agree that they will give their whole time and attention during the usual working hours, and the best ability to their work and to furthering the interests of said parties of the first part during said period of time. In consideration of the foregoing, said parties of the first part agree to pay sal-

aries at the end of each week during the term of this contract, as follows: to L. Tenzer, $18 per week; to Mary Tenzer, $12 per week; to Rebecca Tenzer, $9 per week. It is also understood and agreed that said L. Tenzer must not drink to excess. In witness whereof we have hereunto set our hands in duplicate, at the city of St. Louis, Missouri, this ―――― day of May, 1902."

The petition avers that all the plaintiffs have a joint interest in the contract; that they entered on their duties under it as tailor, operator and assistant operator and continued in the performance of said duties until June 17, 1902, when the defendants discharged them without cause and prevented them from further performing their duties, to their damage in the sum of $1,872, for which judgment is prayed.

The answer, besides a general denial, set up in bar of plaintiffs' action, that the latter voluntarily and without fault on the part of defendants, quit the employment and refused to work further for the defendants thereafter though requested to return to work.

It may be stated, in short, that plaintiffs' testimony tended to prove they were discharged after they had been in service something more than a month, and the testimony for the defendants tended to prove plaintiffs causelessly quit work. This was the issue of fact presented to the jury on contradictory evidence and the verdict determined the issue in plaintiffs' favor.

The petition is said to state no cause of action because it lacked an averment that the plaintiff would not be able to obtain other employment within the period covered by the contract with the defendants. This action was begun July 14, 1902, that is, about a month after plaintiffs ceased to work for defendants and more than nine months before the expiration of the contract year. The contention of the defendant is that as the suit was brought before the year expired, an allegation that the plaintiffs would not be able to find other employment was essential to the statement of a cause of

action. We hold otherwise. No objection was taken to the petition before the verdict and as it alleged the plaintiffs were discharged without cause and prevented from performing their contract, it sufficiently stated a cause of action to support the judgment. That plaintiff could have obtained work elsewhere was matter of defense or mitigation of damages, and much evidence was introduced on the question.

The principal assignment of error is that under the contract the three plaintiffs were entitled to separate salaries; therefore they had no joint cause of action and were improperly united as plaintiffs; in other words, that there ought to have been a separate action by each plaintiff. The contract was set out in full in the petition and the nature of the plaintiffs' rights in respect to being joint or several, was disclosed; hence, if there was an improper blending of distinct causes of action or parties, it could have been urged by a demurrer. But no objection to the form of action or the petition was raised until after verdict, and we think that whatever merit the point might possess if presented in time, it was made too late.

The court, among other instructions for the plaintiffs, gave one to the effect that if they were discharged without reasonable cause, it was their duty to try, during the remaining part of the year for which they were employed, to secure employment elsewhere, but that the extent of this duty was to seek employment similar to that called for by the contract; and that if defendants wished to mitigate the damages by showing plaintiffs might have earned money elsewhere during the unexpired portion of the year, it was incumbent on the defendants to prove by the weight of evidence that plaintiffs could have obtained similar employment. This instruction is complained of as erroneous in containing the words "similar employment," and it is argued by the defendants' counsel that their clients were entitled to credit for earnings by the plaintiffs during the unex-

pired portion of the year in any employment. This argument is just and was recognized by the court below in an instruction which told the jurors that if they found the issues for the plaintiffs, they should allow the defendants credit for whatever the plaintiffs actually earned, either in working for themselves or for others; that is to say, the court directed a credit to be allowed for the actual earnings of the plaintiffs in any work. But as to the defense that plaintiffs might have obtained work elsewhere and thereby have earned money which in fact they did not earn, the court ruled that no credit should be given unless the jury believed that by reasonable efforts plaintiffs could have obtained similar employment. We regard the instructions on this phase of the case as accurate. The plaintiffs were not bound to mitigate the damages caused by the defendants' breach of the contract by accepting any sort of employment that could be procured. They were tailors and accustomed to work in a tailor shop. It was their duty to make an effort to get that kind of work, but not their duty to hire out as cooks or domestic servants, or engage in other occupations uncongenial to them. However, if they did work of any sort and earned money, that far they were not damaged by the breach of the contract and such earnings ought to be taken into consideration in determining the extent of their loss.

It is further urged that the court erred in putting the burden on the defendants to show plaintiffs might have obtained work of a sort similar to that called for by the contract elsewhere. If plaintiffs were wrongly discharged and refused permission to perform the contract, prima facie the amount of their damage was what they could have earned under the contract if fully performed. The defendants contended the damages resulting from their breach were less than plaintiffs would have earned during the remainder of the year, and it devolved on the defendants to establish this contention

by the weight of evidence. [Boland v. Quarry Co., 127 Mo. 520, 30 S. W. 151.]

Complaint is made regarding the conduct of the jury. One or two of the jurymen stated to the trial judge they would like to decide the case without argument. The judge spoke to the counsel for the respective parties about the matter and the attorneys agreed to make no arguments. An exception was not saved on this branch of the case and we do not see that there was room for one. Against the advice of the judge, counsel for both sides acquiesced in referring the case to the jury without oral argument.

The judgment is affirmed. All concur.