# Stewart Dry Goods Company v. Hutchison.

### (Decided November 16, 1917.)

## Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1.  Master and Servant—Contract of Employment—Contract for Definite Period—Continuance in Service After Term Expired—Presumption.—Where one enters the service of another for a definite period and continues in the employment after the expiration of that period without a new contract, it is presumed that the old contract continues, and this presumption must prevail unless overcome by a new agreement, or facts sufficient to show that a new hiring was intended by the parties.

2.  Master and Servant—Contract of Employment—Contract for Definite Period—Continuance in Service After Term Expired—Presumption.—Where an employe hired for a year, is allowed to go on working after the end of the term, he is deemed to be serving under a new contract for another year, which results by operation of law from a continuance of employment, and this presumption is not overcome by mere increases in salary contemplated by the original contract of employment.

3.  Master and Servant—Contract of Employment—Contract for Specified Period—Contract at a Specified Rate Per Year—Rules Governing.—The rule that the acceptance of a proposition for employment at a specified rate per year, is not an employment for a year, but one merely at will, does not apply where the employe testifies that she was originally employed for a period of one year.

4.  Master and Servant—Contract of Employment—Breach—Mitigation of Damages.—In an action for breach of a contract of employment for a stipulated period, the jury should not be directed to reduce plaintiff's damages by the value of her services in a business in which she engaged on her own behalf during the unexpired term, where the evidence shows that such business undertaking was a complete failure and that her services resulted in no pecuniary benefit whatever.

5.  Master and Servant—Contract of Employment—Discharge for Cause—Instructions—Evidence.—In an action for breach of a contract of employment for a stipulated period, it is not error to refuse an instruction telling the jury to find for the defendant if they believed from the evidence that the plaintiff after notice that she was not performing her duties in accordance with her contract, failed or refused to so perform them, where no witness claiming to know the terms of the original contract of employment testified to any violation thereof by plaintiff.

R. C. KINKEAD for appellant.

MATT O'DOHERTY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Mrs. A. L. Hutchison brought this suit against the Stewart Dry Goods Company to recover damages for a breach of contract of employment. From a verdict and judgment in her favor, the defendant company appeals.

According to plaintiff's evidence, she was employed by the defendant in January, 1912, as manager of its lace and trimmings department, for a term of one year at an agreed salary of $1,500.00 a year, with the further understanding, however, that her salary was to be increased from time to time if such increase was deserved. Pursuant to this agreement, her salary was first increased to $1,800.00 per year, and in 1914 to $2,400.00 per year. She continued in defendant's service from January, 1912, to August, 1915, when she claimed she was wrongfully discharged. She further testified that after her discharge she made diligent efforts to find other employment for the balance of the year, but was unable to do so because she was discharged in August and contracts for such employment were usually made in January or July. Failing to find other employment, she entered business for herself in December, 1915, but this venture resulted in a loss.

According to the evidence for defendant, plaintiff was not employed for any definite period of time, and she was discharged because she failed to observe the same business hours usually observed by its other employes.

1. While we have not had occasion to pass on the precise question, it is the well settled rule in other jurisdictions that where one enters the service of another for a definite period and continues in the employment after the expiration of that period without a new contract, it is presumed that the old contract continues; and this presumption must prevail, unless overcome by a new agreement or facts sufficient to show that a different hiring was intended by the parties. Hence, where an employe originally hired for a year, is allowed to go on working after the end of the term, he is deemed to be serving under a new contract for another year, which results by operation of law from a continuance of the employment. Labat on Master and Servant, section 141; 26 Cyc. 976; Glendale Fruit Co. v. Hirst, 6th Arizona 428; Ewing v. Jackson, 57th Ark. 237; Herman v. Littlefield, 109 Cal. 430; State Bd. of Ag. v. Meyers, 20 Col. App. 139; Standard Oil Co. v. Gilbert, 84 Ga. 714; Crane Bros. Mfg. Co.

v. Adams, 142 Ill. 125; Laland v. Aldrich, 41 La. Ann. 307; Listers Ag. Chem. Co. v. Pender, 74 Md. 15; Sines v. Wayne Co. 58 Mich. 502; Bennett v. Mahler, 85 N. Y. Supp. 669; Tatterson v. Suffolk Mfg. Co., 106 Mass. 56; Laughlin v. School Dist., 98 Mich. 523; Chipley v. Atkinson, 23rd Fla. 206. Though conceding this to be the rule, counsel for the defendant insist that it is not applicable to this case, because plaintiff herself admits that the original contract was changed by the subsequent increases in her salary. In considering the effect of this change, it must be remembered that according to the testimony of plaintiff, such increases were contemplated by the original contract. Not only so, but these changes affected only the amount of plaintiff's compensation and not the duration or period of her employment. These changes were not sufficient therefore to rebut the legal presumption that the original term or period of plaintiff's employment was extended for each of the subsequent years by plaintiff's continuing in the service of the defendant after the expiration of those periods.

In this connection it is also suggested that the acceptance of a proposition for employment at a specified rate per year is not an employment for a year, but one merely at will. Cuppy v. Stolwerk, etc., 143 N. Y. 967; Doolittle v. Pacific Coast Safe and Vault Company, 154 Pac. 753. While this proposition may be true, plaintiff does not claim that she was merely employed at so much per year, but states emphatically that she was originally employed for a period of one year. It follows that the above rule has no application to the facts of this case.

2   The point is also made that the trial court erred in failing to instruct the jury to diminish plaintiff's damages by the reasonable value of her services in the business in which she engaged in the month of December, 1915. It is the rule, that where an employe under contract to perform services for a stipulated time is wrongfully discharged by his employer before the expiration of the term of his services, the measure of damages is the contract price less what the discharged employe has earned or might by reasonable diligence have earned. John C. Lewis Co. v. Scott, 95 Ky. 484, 44 Am. St. Rep. 251. Though a discharged employe is only required to seek other like employment, his damages will be reduced by amounts earned at any employment during the unexpired term. Elliott on Contracts, section 2156; Tenzer v. Gilmore, 114 Mo. App. 210, 89 S. W. 341; Toplitz v. Ullman, 20 N. Y. S. 50, 46 N. Y. St. 294; Aff'd 2 Misc.

(N. Y.) 130, 20 N. Y. S. 863, 49 N. Y. St. 226. Hence, it is held that if a discharged employe engages in business for himself during the unexpired term, his damages should be reduced by his earnings in that business. While there is some difference of opinion as to whether his earnings should be measured by profits or the pecuniary value of his services in the business, Lee v. Hampton, 79 Miss. 321, 30 So. 721; Kramer v. Wolfe Cigar Stores Co., 99 Tex. 602, 91 S. W. 775; Richardson v. Hartmann, 68 Hun. 9, 22 N. Y. Supp. 645; Huntington v. Ogdensburgh & L. C. R. Co., 33 How. Pr. 416, all the authorities agree that the time of the discharged employe must be profitably occupied, and we have been unable to find any case holding that the damages should be reduced where his services in his own behalf did not result in any profit or pecuniary benefit of any kind. On the contrary, it has been held, that where the business in which the discharged employe engaged was unprofitable, it was immaterial and improper to say why such result was brought about. Heagy v. Irondale Lead Company, 101 Mo. App. 61, 77 S. W. 1006. It has also been held that where the discharged employe participates in the conduct of a partnership business, and it was impossible to tell whether the profits were derived from the capital invested by him, or from his personal services in the partnership business, or if derived from both, what part thereof arose from such services, the jury were not required to reduce his damages by the amount of such profits. Kyle v. Pou., 96 Ga. 166, 23 S. E. 114. Here the evidence shows that plaintiff engaged in business for herself for a period of one month during the unexpired term of her contract. Instead of proving remunerative, the business did not pay expenses and plaintiff lost a portion of her capital. It was not made to appear that her efforts, though unprofitable for that month, resulted in building up a business which subsequently proved profitable. In other words her services were of no pecuniary value whatever. Under these circumstances, the refusal to give an instruction authorizing a reduction of damages on account of such services, was not error.

3. Lastly, it is insisted that the trial court erred in refusing to give the following instruction offered by the defendant:

"If the jury believe from the evidence that the plaintiff, after notice that she was not performing her duties in accordance with her contract, failed or refused to so

perform them, then the law is for the defendant and the jury should so find.''

This instruction was properly refused because no witness claiming to know the terms of the original contract of employment, testified to any violation thereof by plaintiff.

Judgment affirmed.