## Hamilton Carhartt Overall Co. v. Short.

November 22, 1946.

As Extended on Denial of Rehearing Dec. 20, 1946.

424

Shumate & Shumate for appellant.
R. R. Friend and John W. Walker for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

In this opinion the appellee, H. T. Short, will be referred to as plaintiff and the appellant, Hamilton Carhartt Overall Co., will be called defendant.

Short obtained a verdict against the company for $757.92 damages for an alleged breach of an employment contract. In seeking to reverse the judgment entered on the verdict defendant argues that the court erred in: (1) Overruling its general demurrer to the petition; (2) not striking plaintiff's first exhibit; (3) not sustaining defendant's motion for a peremptory instruction; and (4) erroneously instructing the jury.

The petition as twice amended averred that defendant employed plaintiff as Superintendent of its factory in Irvine for one year from June 21, 1943, at a salary of $5,400, to be paid $225 semi-monthly, which employment

was by a written contract as evidenced by seven letters and one telegram passing between the parties, which were filed as exhibits with the petition; that at the expiration of the first year plaintiff remained in the employ of defendant for more than six months under the terms and conditions of the original contract, which renewed same for another year from June 1, 1944; that defendant, without cause, notified plaintiff on January 29, 1945, that he would be discharged at the expiration of 30 days, and on March 24, 1945, he was discharged without cause, although he was paid to April 1, 1945; that plaintiff was unable to procure other employment until May 14, 1945, and that it only paid him $400 per month, which caused him to suffer a loss in salary of $719.50 until the expiration on June 21, 1945, of his year's employment by defendant; that in addition thereto he spent $38.42 in obtaining another position, making his total loss by reason of his wrongful discharge $757.92.

The answer denied the employment was for one year but alleged it was by the month at a salary of $450 per month, and that plaintiff was discharged for incompetency upon a 30 day notice having been given him.

The plaintiff's first exhibit filed with his petition is a letter of date April 16, 1943, addressed to plaintiff by defendant's president, to the effect that plaintiff wanted a salary of $425 per month but "if we could get together, that we would start you in at $5,000 a year, that would be your first year's salary and leave it to us to work out something that would be satisfactory to you from then on dependent on business conditions."

Subsequent to this letter and during the first part of May, 1943, the parties met in person, at the company's plant in Irvine and there is a conflict in their testimony as to what transpired at that meeting. Carhartt, the president of the company, and his son, the manager of the Irvine plant, both testified that they offered plaintiff the position by the month at a salary of $450. Plaintiff testified that they offered him the position by the year at a salary of $5,400, payable $450 per month; that he took the offer under advisement as he wanted to consult his wife, since his family would have to move from Lynchburg, Va., to Irvine, Ky., if he accepted the position. On April 14, 1943, plaintiff wired defendant's president, "I

am accepting your offer of $450 a month. Can report for duty in about 30 days." On May 17, defendant's president wrote plaintiff, "Received your telegram and was very happy to note that you have decided to come with us." This letter also told plaintiff when to report for work.

Defendant's argument that its general demurrer to the position should have been sustained is without merit. The petition averred there was a written contract for one year's employment, as evidenced by the correspondence between the parties which was filed as exhibits with the petition. Some of these exhibits refer to the employment as having a year's duration while others refer to the employment as being by the month. As is written in Putnam v. Producers' Live Stock Marketing Ass'n., 256 Ky. 196, 75 S. W. 2d 1075, 100 A. L. R. 828, the duration of the employment is dependent upon the understanding and intent of the parties, which is determined from their written or oral negotiations, and the circumstances surrounding the transaction, including the situation and object of the parties. Here the writings relied upon to establish the contract were incomplete upon their face and parol evidence was properly admitted by the trial court to aid in establishing the intention of the parties, Bullock v. Young, 252 Ky. 640, 67 S. W. 2d 941, 946; but the petition stated a cause of action, and the exhibits sued on take the case out of the statute of frauds.

Nor is there merit in defendant's contention that the court erred in not striking from the petition the first exhibit, which was a letter addressed to plaintiff by defendant and contained its offer to employ him at a salary of $5,000 per year. Here the separate writings, filed with the petition as exhibits, related to the same subject-matter and it is averred that they establish the contract; therefore, they must be considered together in determining what was the contract between the parties. Breckinridge County v. Beard, 233 Ky. 823, 27 S. W. 2d 427.

It is apparent from what has been said that defendant was not entitled to a directed verdict since the parol evidence, which was properly admitted, was conflicting as to whether the contract was an employment by the month or by the year. But defendant's criticism that the

first instruction is erroneous, in that it told the jury that the contract was for a year's employment, is well taken. On another trial, should the evidence be substantially the same, the court in its first instruction should submit to the jury in appropriate terms whether the contract of employment was by the year or by the month. If the jury believe it was by the month, then they will find for defendant; if they believe it was by the year, then they should find for plaintiff, if they believe he was discharged without cause. There seems to be no disagreement between the parties as to the correctness of any of the instructions except the first. When the court has changed that so as to submit to the jury the question of whether the employment was by the year or by the month, the other instructions given on the former trial can, with but slight change, be used on the next trial. The parties appear to be in agreement that if appellee was employed by the year and continued to work after the expiration of that period, it must be presumed that the contract was renewed for another year. Stewart Dry Goods Co. v. Hutchison, 177 Ky. 757, 198 S. W. 17, L. R. A. 1918C, 704.

The judgment is reversed for proceedings consistent with this opinion.