David McNUTT, Plaintiff,

v.

MEDIPLEX OF KENTUCKY, INC., Defendant.

Civ. A. No. C92–0134–BG(H).

United States District Court,
W.D. Kentucky,
at Bowling Green.

Nov. 18, 1993.

Steven D. Downey, Hixson, Downey & Travels·d, Bowling Green, KY, for plaintiff.

John H. McCracken, Frank Hampton Moore, Jr., Cole, Moore & McCracken, Bowling Green, KY, for defendant.

## MEMORANDUM OPINION

HEYBURN, District Judge.

This diversity case is before the Court on motion of Defendant, Mediplex of Kentucky, Inc., for summary judgment. Plaintiff, David McNutt, alleges that Defendant breached his employment contract by discharging him without cause. Defendant, however, alleges that Plaintiff was an at-will employee. For the reasons stated herein, the Court will dismiss this action.

### I.

The pertinent facts of the case may be summarized as follows. In response to a newspaper advertisement, Plaintiff forwarded a resume to Mediplex to apply for the position of Director of Marketing. During an initial telephone interview, Plaintiff indicated that his annual salary requirement was "mid-forties." Mediplex representative, Jean Davis, replied that the person awarded the position would receive a $48,000 annual salary. Mediplex later conducted a personal interview and some days later, Ms. Davis of-

fered Plaintiff the position. In his deposition Plaintiff stated, "I thought I had a job for an indefinite period of time, assuming that I did a good job ... at an annual salary of forty-eight thousand dollars a year, plus earned bonuses also paid annually. I understood there were other opportunities within the company for me to move to, but that [Ms. Davis] requested that I stay at this location for two years before I considered any of those." (Pla. dep. at 60.) Plaintiff accepted the position and prepared to report for his first day on May 18, 1992.

Ms. Davis welcomed Plaintiff in a letter dated May 15, 1992 and confirmed a biweekly wage of $2,846.16 (totaling $48,000 per year). Also indicating a $48,000 annual salary are documents created in connection with Plaintiff's employment including a "new hire form" as well as bonus and benefits information. Plaintiff also received an employment policy handbook that expressly disclaims, however, any intent of Mediplex that its written policies or other oral or written communications constitute an employment contract. Plaintiff signed a receipt form on June 9, 1992 expressly indicating that he understood his employment to be at-will.

## II.

Review of the motion for summary judgment is limited to whether the evidence presents a sufficient disagreement to require submission to a jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). These disputes, however, must be supported by the evidence. In evaluating the evidentiary underpinnings of these disputes, the Court must determine whether a reasonable jury could return a verdict for the non-moving party. *Id.* Although the Court must construe all evidence in Plaintiff's favor, that evidence must be more than colorable but significantly probative of the claim that there is a contract for employment requiring cause for termination. *See id.*

## III.

An employee may establish a contract for employment in either one of two ways. First, an employer may offer employment for a definite period of time. *Otis and Co. v. Power*, 1 Ky.Op. 312 (Ky.1886). Second, an employer may offer employment for an indefinite period of time with a covenant not to terminate without cause. *Shah v. American Synthetic Rubber Corp.*, 655 S.W.2d 489 (Ky. 1983). The Court will address each seriatim.

### A.

In the Complaint, Plaintiff alleges that he had an oral contract for two years, thus, requiring cause for termination. Defendant moved to dismiss on the statute of frauds defense. Plaintiff then abandoned all oral contract theories stating that although he understood his employment was for two years, there had been no meeting of the minds on the two-year term. Plaintiff now argues that the parties entered into a written contract for one year "based upon separate writings in the record." (Pla. Response at 1.)

Defendant denies that it offered employment for a definite period of time but maintains that it intended to offer employment terminable at the will of either party. Whether Defendant meant to offer employment for one-year is determined not from subjective intentions but outward manifestations. *Hines v. Elf Atochem North America, Inc.*, 813 F.Supp. 550 (W.D.Ky.1993); *see also* 17A Am.Jur.2d *Contracts* §§ 27 and 28 (1991). Unless Plaintiff reasonably understood Defendant to be offering employment for one year, there can be no assent, an essential predicate to contract formation.

The Court must construe the intent of the parties in light of all circumstances surrounding the transaction. *Hamilton Carhartt Overall Co. v. Short*, 197 S.W.2d 792 (Ky.1946); *Shah*, 655 S.W.2d at 490. Plaintiff's evidence in this case indicates the following:

1) Defendant orally represented a $48,000 annual salary during the interviewing process;

2) Plaintiff received a letter dated May 15, 1992 in which Defendant confirmed his acceptance of the position and quoted a biweekly salary;

3) On May 22, 1992, Defendant executed a new hire form reflecting the first day of work as May 18, 1992 at an annual salary of $48,000; Plaintiff also received a bonus and benefits information indicating a $48,000 annual salary.

■ Plaintiff argues that this evidence and documentation is sufficient to raise a jury question whether the parties had in fact created a written contract of one year's duration.[1] The pivotal inquiry, however, does not turn on the credibility of this evidence; the Court must instead determine whether Defendant's statements, taken to be true, manifest an offer to contract for one year. The legal import of these statements, therefore, is an issue of law appropriate for summary disposition. *Kunz v. United Food & Commercial Workers, Local 876*, 5 F.3d 1006, 1011 (6th Cir.1993).

■ Plaintiff's own testimony refutes the very proposition that Defendant offered a one-year contract. In his deposition, Plaintiff stated:

> I thought I had a job for an indefinite period of time, assuming that I did a good job ... at an annual salary of forty-eight thousand dollars a year, plus earned bonuses also paid annually. I understood there were other opportunities within the company for me to move to, but that [Ms. Davis] requested that I stay at this location for two years before I considered any of those.

(Pla.Dep. at 60). It is apparent that Defendant's statements and writings did not subjectively cause Plaintiff to believe that a one year contract was offered. Under these circumstances, it is difficult to conceive that such a contract was formed. Notwithstanding Plaintiff's clear subjective understanding, the Court will address whether Defendant's communications, viewed objectively, constitute an offer of employment for one year.

The only evidence in this case of a written one-year contract concerns the expression "annual salary." The documents indicating an "annual salary" were executed after Plaintiff accepted the position and after he began employment. The only document executed before Plaintiff began working acknowledges his acceptance and quotes a *biweekly* salary. Notwithstanding these discrepancies, the use of the expression "annual salary" is common business practice in at-will employment. Without more, all salaried employees would have at least a one-year contract instead of traditional at-will employment. A reasonable person would not interpret an employer's quote of an annual salary as an offer of employment for one year. This Court concludes that neither subjectively nor objectively do these facts cause or suggest a one year contract. Therefore, absent other documentation, there is insufficient evidence to support the allegation that the parties entered into a one-year contract for employment.

**B.**

■ Although Plaintiff argues only that evidence establishes a written one-year contract, the facts of this case suggest the possibility that Plaintiff understood Defendant to have offered him employment for an indefinite period of time with a covenant not to terminate without cause. After all, Plaintiff testified that he thought he had employment for an indefinite period of time as long as he performed satisfactorily.

In *Shah v. American Synthetic Rubber Corp.*, the Kentucky Supreme Court discussed the sort of statements that do not constitute a covenant to terminate only for cause. 655 S.W.2d at 491. The Court held that absent a clear statement not to terminate without cause, the assumption is that the parties intended to enter into an ordinary employment relationship, terminable at the will of either party. *Shah*, at 492; *Nork v.*

---

1. Plaintiff relies on *Hamilton Carhartt Overall Co. v. Short*, 303 Ky. 423, 197 S.W.2d 792 (Ky.1976) for the proposition that this case should go to the jury. In that case, however, the defendant did not argue that the employment was at-will; rather, the defendant agreed that there was a contract for a definite period of time but offered evidence that there was a contract for one month, and not, as the plaintiff alleged, for one-year. *Short*, 197 S.W.2d at 793. Accordingly, the opinion does not address the issue of contract formation or whether the language was sufficient to create a contract, a threshold issue in this case.

*Fetter Printing Co.,* 738 S.W.2d 824, 826 (Ky.App.1987).

The fact that Plaintiff understood his employment to be permanent or for an indefinite period of time is not evidence that the parties entered into a contract of employment. In *Shah,* the Kentucky Supreme Court stated that "a covenant for 'permanent employment', without more, [is] fatally defective under the 'employment at will' doctrine...." *Shah,* 655 S.W.2d at 491. Nor is the fact that Plaintiff understood his "indefinite" employment to be conditioned on satisfactory performance sufficient. The *Shah* court also stated that labelling employment to be "as long as the employee does honest and faithful work" or "as long as he performs his duties in a successful or satisfactory manner" does not circumscribe the at-will rule. *Id.* (internal quotations omitted).

Beyond these statements, there is no other evidence that Defendant covenanted to terminate only for cause. Plaintiff does not argue, as in *Shah,* that he was induced to accept employment upon written assurances in an employment handbook, containing no disclaimer, detailing termination proceedings. *Shah,* 655 S.W.2d at 491. In this case, Plaintiff received an employment handbook days after accepting the position and reporting to work.

■ More significantly, Plaintiff signed a form, acknowledging receipt of the handbook, that expressly disclaims, in plain language, the existence, oral or written, of any employment contract. The Kentucky Court of Appeals has held, on similar facts and under the *Shah* precedent, that employment handbooks containing such disclaimers establish mere guidelines and do not change the at-will employment relationship. *Nork v. Fetter Printing Co.,* 738 S.W.2d 824, 826 (Ky.App.1987). There is no evidence, therefore, that Defendant expressly promised to terminate only for good cause shown.

### IV.

Accepting the truth of Plaintiff's evidence and construing all reasonable inferences in Plaintiff's favor, the Court finds there is insufficient evidence of a one-year written contract for employment requiring cause for termination. Because there is no other reasonable inference but that the parties entered into a salaried, at-will employment relationship, Defendant is entitled to judgment as a matter of law. The Court is entering an Order consistent with this Memorandum Opinion.

### ORDER

This diversity case is before the Court on the motion of Defendant, Mediplex of Kentucky, Inc., to dismiss or for summary judgment. The Court has reviewed the record, the parties' memoranda and pertinent authority and, therefore, being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion of Defendant for summary judgment on the issue of the existence of a written one-year contract of employment is SUSTAINED; and Defendant's motion to dismiss the remaining theories of relief is SUSTAINED; and the Complaint is dismissed with prejudice.

This is a final and appealable order and there is no just reason for delay.