## WILLIAM B. OGDEN *et al.*

*v.*

## ABNER KIRBY.

1. CONTRACT—*court must construe.* If a contract is ambiguous it is the duty of the court to determine what it means, from the evidence, and instruct the jury as to its meaning.

2. SUBSCRIPTION—*construed in reference to condition.* Where a contract of subscription to aid in the construction of a railroad was made payable when the road should be completed and in operation from a certain place to "Menominee, Mich.," by a certain time, and it appeared that there was a large township by that name, containing about forty ordinary townships, and also a village of the same name, containing a population of 3000, a post office, etc., which had a well known existence, though not incorporated: *Held*, that the village of that name was what was meant in the condition.

3. SAME — *condition to complete and operate a railroad.* If a subscription is subject to a condition that a railroad shall be completed and in operation between two certain points by a day named, it will be sufficient to show performance of those conditions, and it is not necessary that the road should on that day furnish such facilities for receiving and discharging freight and passengers as could be expected of an established railroad, to make the party liable on his subscription.

4. SAME—*building of depot, etc.* A condition in a subscription to complete and have in operation a railroad to a certain point by a certain day, is not necessarily not performed, as a matter of law, from the fact that a depot was not built, and a station agent appointed for such place by the day named, and proof of such facts will not necessarily defeat a recovery on the contract of subscription.

5. LAW AND FACT. When a railroad is to be regarded as completed and in operation to a given point, is not a question of law, but purely one of fact, to be determined by the jury from the evidence.

6. INSTRUCTIONS—*singling out part of facts bearing on issue.* Upon a question of fact, it is erroneous, in instructing the jury, to single out certain facts proven, and tell them that the existence of such facts proves or disproves the main fact in issue. The jury should be left free to draw their conclusion from all the testimony bearing upon the question.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. TENNEYS, FLOWER & ABERCROMBIE, for the appellants.

Messrs. J. R. DOOLITTLE & SON, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by appellants in the Superior Court of Cook county, against appellee, to recover a subscription of $2000, subscribed by him to aid in the construction of a railroad from Ft. Howard, Wis., to Menominee, Mich.

By the terms of the subscription, it was only payable provided the railroad should be completed and in operation to Menominee, Mich., by July 1, 1872.

A trial of the cause before a jury resulted in a verdict and judgment in favor of appellee, to reverse which appellants rely upon the following errors assigned upon the record:

1. In the construction it gave to the written contract sued on, particularly in regard to what constitutes a completion and operation of said railroad.

2. In refusing the first instruction asked for by plaintiffs and in modifying it.

3. In giving the first instruction asked for by defendant, because the same is uncertain and misleading in its terms, and decides a question which should have been left to the jury.

4. In giving the last clause of the fifth instruction asked for by the defendant, and in giving the whole or any part of the sixth and seventh.

5. In refusing each or either of the eight instructions asked for by plaintiffs and refused.

6. In refusing a new trial and rendering judgment for defendant.

The question presented by the first error assigned will more properly arise upon consideration of the instructions. Appellants' first instruction, the modification of which is assigned as error, was as follows:

"The jury are instructed that the true construction of the written subscription is, the defendant agrees to pay to the plaintiffs, for the benefit of the builders of the railroad in question, the sum of $2,000, to be given over to said builders when said road should be completed and in operation from Fort Howard to Menominee, in Michigan, provided it should be so completed and in operation by the 1st of July, 1872."

The court refused to give the instruction as asked, but added thereto the words "the village of" before "Menominee," and thus gave it.

The contract upon which the action was brought specified Menominee, Michigan, as the point to which the railroad

should be constructed.  It appears, from the evidence, that there was a large township named Menominee, which contained in the neighborhood of forty townships, six miles square, and also a village of the same name, containing some 3,000 inhabitants.

If the contract was ambiguous, which it clearly was, then it was the duty of the court to determine what was meant by the use of the words "Menominee, Mich."

While the village was not incorporated under the laws of Michigan, yet it was platted, contained a post office, business houses, and had a well known existence as a village, in fact as much so as if it had been incorporated.

We are satisfied, from the evidence, the court placed the proper construction upon the contract, and we see no error in the modification of the instruction.

The first instruction given for appellee, the giving of which is questioned by the third assignment of error, is as follows :

"The jury are instructed that if they find, from the evidence, that the township of Menominee, Michigan, embraces a large unsettled country, containing many townships, and also a village of Menominee, they will find that it was the village of Menominee, and not the large township, which was intended by the contract."

From what was said in regard to the modification of appellants' first instruction, it follows that the exception to this is not well taken.

The vital point in the case, as we understand the record, is presented by the fourth assignment of errors.

The contract upon which the action was instituted required, as a condition precedent to a recovery, two things to be done by the first day of July, 1872.  First, that the road should be completed to Menominee ; second, that it should be in operation.

When a railroad is to be regarded as completed and in operation, is not a question of law for a court to decide, but is a question purely of fact, for the determination of a jury from the evidence introduced bearing upon that question.

This question was fairly and properly submitted to the jury by the fourth instruction given for appellee, which, in substance, declared that it was not enough for the plaintiffs to show that the railroad was completed to Menominee, Mich., by July 1, 1872; but they must show, by a preponderance of proof, that the railroad was operated to that place by that time.

The appellee was not, however, satisfied to leave the jury free and untrammelled to determine whether the road was in fact operated by the first of July, but he advanced one step further, and, by the fifth instruction, the jury were told that the plaintiffs were bound to show that the operation of the road at the time and place should afford reasonable facilities to receive and discharge freight and to receive and discharge passengers.

This was followed by the sixth instruction, which is still more objectionable than the fifth, in the following language:

"The jury are instructed that the question of what were reasonable facilities for receiving and discharging both freight and passengers at Menominee, Mich., at the date of July 1, 1872, is for the jury to decide from the evidence. They are entitled to take into consideration all the evidence in regard to the population of Menominee, and the business requirements of the place, so far as they relate to the use of the railroad named in the contract. It is for the jury to decide, from the evidence, whether the railroad in question afforded reasonable railroad facilities to the public on or before July 1, 1872, at Menominee, Mich., both in regard to freight business and passenger business. And unless the jury find, from the evidence, that reasonable facilities were offered at that place and at that time, both as to passenger business and freight business, they must find a verdict for the defendant."

Now, while it was the duty of the jury to determine whether the railroad was completed and in operation to Menominee, Mich., by the first day of July, 1872, yet the question in regard to the facilities afforded for receiving and discharging freight and passengers was foreign to the inquiry.

It is a fact which falls under the observation of every one, that a new road but recently completed can not afford the facilities for receiving and discharging freight and passengers that can be afforded by a road that has an established business, and has had the time and means to construct depots, freight houses and the various buildings necessary to facilitate and accommodate the travel and commerce of the country; and yet, by the instructions, the jury were told that unless reasonable facilities were shown, the road could not be considered in operation.

Reasonable facilities, we presume, would mean such as were ordinarily afforded by the established railroads of the country. This road was required to be completed on the first day of July, 1872. These instructions required its facilities on the day of its completion to equal those of established roads, and the jury, under the instructions, did not even have the right to take into consideration the age of the road and the condition of the country through which it was constructed.

If appellee could defeat the operation of the road by attacking the facilities offered the public by the road, upon the same principle, he might show the road was not completed by establishing the fact that the material of which it was constructed was of an inferior quality, or not of as good quality as was usually used by other roads.

We are of opinion the two instructions were improper, and could not do otherwise than prejudice the rights of appellants.

Under the fourth assignment of error, exception is taken to appellee's seventh instruction, which was as follows:

"The jury are instructed that if they find, from the evidence, that Menominee, Michigan, is situated north of the

Menominee river, in Michigan, and that on the south side of the river, on the Wisconsin side, is a town named Marinette; and if they further find, from the evidence, that the railroad in question was in operation to Marinette, on July 1, 1872; that there was an agent of the railroad there in charge of the business of the company at that point, and that at that date there was no agent of the railroad at Menominee; and if they further find, from the evidence, that the only operation of the railroad on the north side of the river, before and on July 1, 1872, was the sending of freight cars to various lumber mills on the north bank of the river, under the direction of the railroad agent at Marinette, the jury are instructed that such an operation of the railroad is not the operation intended by the contract; and if the jury find, from the evidence, that the railroad was operated only in that manner and to that extent, they must find a verdict for the defendant."

The proof tends to show that the entire line of road was completed from Fort Howard to Marinette, a point on the Menominee river, which was only about a mile distant from the thickly settled portion of the village of Menominee, by the 28th day of December, 1871.

At this point, a bridge had to be constructed across the river, and the track laid to the village. The evidence tends to show that, as early as the 17th of June, the bridge had been constructed, the track laid to a point near Kirby and Carpent's dock, in the village, and on that day freight trains ran over it and delivered freight to appellee, at his mill.

It also appears that freight trains ran over the track on each day thereafter, and while it is true, before the 1st day of July, no depot building was erected or agent stationed on that side of the river, yet it does not appear that either freight or passengers were offered and not carried by the railroad company.

36—79th Ill.

Under this state of facts, was it proper for the seventh instruction to be given?

It was the province of the jury, and not the court, to determine what constituted the operation of the road. It was a question of fact, and not of law; and yet, notwithstanding this, one fact is singled out by the instruction, and the jury are directed that the existence of that fact, as a matter of law, does not constitute the operation of the road.

If freight cars were run over the road prior to July 1, 1872, to the village of Menominee, and delivered freight, as was established by evidence, this was a fact, proper for the consideration of the jury, tending to prove the road was in operation at that time, and the appellants were entitled to the full benefit of this fact before the jury, in their deliberations. The instruction, however, took the consideration of this fact from the jury.

The fifth assignment of error involves the consideration of eight instructions of appellants, which were refused by the court.

It will not, however, be necessary to enter upon a critical examination of these refused instructions. Some of them were, in substance, given in other instructions of appellants. So far as that occurred, it was unnecessary to repeat them. The questions arising upon others have been discussed, in disposing of the other errors assigned, and it is not necessary to consume time in a repetition.

For the errors indicated, the judgment will be reversed, and the cause remanded for another trial, consistent with this opinion.

*Judgment reversed.*