## Webb v. Dunn, et al.

(Decided January 9, 1923.)

### Appeal from Livingston Circuit Court.

1. Subscriptions—Bills and Notes—Subscription Note to Special Treasurer of County not Invalid Because County Had no Authority to Appoint Special Treasurer.—A subscription note executed to the special treasurer of a county to enable the county to comply with its guarantee of one-fourth of the expense of constructing a federal highway is not invalid on the ground that the county had no authority to appoint a special treasurer, as the county had the right to appoint an agent, and the person designated as special treasurer was nothing more than an agent appointed for the convenience of the county for whose benefit the note was executed.

2. Subscriptions—Conditional Subscription—Performance.—In an action on a subscription to a county for highway purposes, condi-

tioned on a particular location of the highway, evidence examined and held to show a substantial performance of the condition.

C. H. WILSON and C. C. GRASSHAM for appellant.

CHARLES FERGUSON and J. R. WELLS for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

For the purpose of inducing the State Highway Department to locate a Federal highway, known as the Ohio river route, through Livingston county, the county of Livingston guaranteed the payment of one-fourth of the cost, which was estimated at $138,500.00. The county had no funds with which to meet its obligation and it was necessary to procure a portion of the fund by private subscriptions and the remainder by issuing bonds. For the purpose of obtaining the subscriptions notes were printed and placed in the hands of solicitors, who, after canvassing the county, procured about two hundred notes, aggregating the sum of $65,137.75, which were made to John Quertermous, who was designated by the fiscal court as special treasurer, and who afterwards resigned and was succeeded by B. B. Dunn. Included in the list of subscribers was Chas. H. Webb, who executed the following note:

"I hereby promise to pay to the order of John Quertermous, special treasurer of Livingston county, Kentucky, the sum of $1,000.00 (one thousand dollars) for value received. To be paid in three equal installments as follows: $300.00 this July 1, 1919, $350.00 January 1, 1920, $350.00 January 1, 1921. For the construction of a Federal highway, known as the Ohio river highway, 'which passes through Livingston county, beginning at Vicker's ferry on the Tennessee river, crossing the Cumberland river at Smithland, thence via Salem to the Crittenden county line.' "

Webb having declined to pay the note, suit, to which the county afterwards became a party plaintiff, was brought by Dunn as special treasurer to recover thereon. From a judgment in favor of plaintiffs Webb appeals.

Non-liability on the note is predicated on the theory that the fiscal court had no power to appoint a special treasurer, and that the condition of the note was violated by the construction of the highway to Clark's ferry instead of Vicker's ferry. Doubtless it is true that the county had no authority to create the office of special treasurer, but we do not regard that fact as fatal to the

validity of the note. It did have the power to appoint an agent, and Quertermous, though designated as special treasurer, was nothing more than an agent appointed for the convenience of the county, for whose benefit the note was executed. Therefore, the county was the real party in interest, and when it united in the suit brought by the special treasurer, appellant had no further ground of complaint.

As originally surveyed and located, the proposed highway ran from Vicker's ferry to Smithland. Later on the Department of Public Roads changed the route and located it between Clark's ferry and Smithland, and a considerable portion of the highway has been constructed. Appellant and others who executed notes say that prior to their execution meetings were held, at which the county judge of Livingston county and the commissioner of public roads stated that the route would be from Vicker's ferry to Smithland, and that they declined to execute the notes until assured that such would be the route. Not only so, but they and their witnesses say that it is much more convenient to go to Paducah by Vicker's ferry than by Clark's ferry. On the other hand, it appears that Vicker's ferry and Clark's ferry are both on the same tract of land on the Tennessee river and only from one-half to three-quarters of a mile apart. No ferry is in operation between Vicker's ferry and Paducah, and when in operation it is no more convenient that Clark's ferry. The highway is from twelve to fourteen miles long and, as being constructed, runs straight to Clark's ferry on the Tennessee river. If it had been constructed to Vicker's ferry it would have turned off at a point about 2,500 feet before reaching the river and then have gone through bottom land for a distance of a mile and a half to a point on the same river.

Passing the question of pleading and the sufficiency of the evidence to show that the note was conditional, it must not be overlooked that even in the case of conditional subscriptions, a substantial performance is all that is required. Thus it has been held that a condition that the structure subscribed for shall be erected "at" or "in" a certain town does not necessarily require that it be built within the incorporated limits of such town, but a question of fact may arise as to whether the condition is performed when the structure is located without the limits but near the boundary. Rogers v. Galloway Female College, 64 Ark. 627, 44 S. W. 454, 39 L. R. A. 636.

It has also been held that a conditional subscription for a monument to be erected in a certain city does not require the site selected to be one within the corporate limits of the city at the time the subscription was made, but it may be placed within adjoining built-up territory identified in the popular mind as part of the city. Cincinnati Societies' Appeal, 154 Pa. St. 621, 26 Atl. 647, 20 L. R. A. 323. Therefore, when we take into consideration the fact that the highway in question is from twelve to fourteen miles in length, and, with the exception of a few hundred feet, follows the route originally surveyed, and not only goes to a ferry on the Tennessee river but to a ferry on the same land as Vickers ferry and only three-quarters of a mile therefrom, it seems to us that even if it can be said that the note was executed on condition, there has been a substantial performance of the condition.

Judgment affirmed.

Whole court sitting.