## Kirchdorfer v. Watkins, et al.

(Decided March 2, 1923.)

### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

1. Evidence—Writing Cannot be Contradicted or Varied by Parol.— If the writing is complete on its face, and contains nothing indicating that it is only a part of larger, or other, transactions, forming the complete one, and there has been an absolute delivery, and no claim of fraud or mistake, parol evidence is not admissible to contradict or vary its terms.

2. Evidence—Parol Evidence is Admissible to Explain Reference in Instrument to Collateral Transaction.—Where a note contained a reference to another collateral transaction of which it was a possible part, parol evidence is admissible to explain the reference, and to show what connection the collateral transaction has with the note, and if such evidence is sufficient to connect them as forming a completed transaction, the rights of the parties will be adjusted according to that transaction.

3. Evidence—Parol Proof is Competent to show Absolute Note was Executed as Collateral Security.—It is competent to show by parol proof that a note, absolute on its face, was in fact executed as collateral security for another existing debt.

4. Evidence—Statement in Note Proceeds of Sale of Stock Were to be Credited Renders Parol Proof of Collateral Contract Admissible. —A statement in a note that it was to be credited with one-third of the proceeds of the sale of corporate stock is a sufficient reference to another transaction to render competent parol proof that the note was given as part of a transaction involving the purchase of the stock, and that the maker was liable thereon only for the balance due from him on the other transaction.

HENRY J. TILFORD for appellant.

MILLER & CHEVALIER, STUART CHEVALIER and JOSEPH D. PEELER for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellant and plaintiff below, J. C. Kirchdorfer, filed this action in the Jefferson circuit court against appellee and defendant below, Boyce Watkins, individually and as administrator of his mother, Alice Watkins, seeking the recovery of a judgment on a note which defendant and his mother executed to him on July 12, 1916, agreeing and promising to pay him six months thereafter the sum of $3,600.00. The note, omitting the date and signature, says: "Six months after date we promise to pay to the

order of J. C. Kirchdorfer, thirty-six hundred and no/100 dollars. Without defalcation, value received negotiable and payable at American Southern National Bank, Louisville, Ky., with 5% interest from date until paid. This note is to be credited by one-third of the proceeds of the Iroquois Life Insurance Company stock deposited as collateral security on the $11,800.00 of J. C. Kirchdorfer to the American Southern National Bank.''

The answer alleged as a *pro tanto* defense that the note was executed in renewal of another one for the same amount and executed by the same parties on January 12, 1916, and that it, together with the renewal, was intended by the parties to evidence and secure with the name of Alice Watkins the extent of the liability of defendant, Boyce Watkins, on a note of the same date executed by plaintiff as principal to the American Southern National Bank for the sum of $10,800.00, which was also renewed upon the same day as the one sued on, but which in the meantime had been increased $1,000.00, and that defendant, Boyce Watkins, was surety on that note and there was placed therewith as collateral security 2184 5/12 shares of the capital stock of the Iroquois Life Insurance Company and also the note executed by defendant and his mother. That note we shall refer to as the "large" note, and the copy of it filed with the record shows in its face the deposit of the named collateral. It was then alleged that plaintiff and defendant had jointly purchased from a brokerage firm in Louisville the shares of stock of the Iroquois Life Insurance Company and had paid therefor in real estate which they respectively conveyed; but the property of each of them was encumbered, and to procure the funds with which to discharge that encumbrance the large note was executed; that the proportions of the respective interests of the parties in and to the purchased stock was in the ratio of one-third to Watkins and two-thirds to plaintiff, and that they valued their property so conveyed in the same ratio; that 1,100 of the shares deposited as collateral to the large note it was agreed between plaintiff and defendant and other endorsers of the large note who were directors of the insurance company, should be sold, the value of which at that time was $20.00 per share, and the proceeds used in liquidating the large note and the balance to be divided among the parties on terms not necessary to state in this opinion, and that the remainder of the stock should be shared one-third to defendant and two-thirds to plaintiff. It was alleged that

in the settlement of the large note the bank remitted all of it except $8,000.00 and that $3,200.00 of that sum was paid by other endorsers of the large note and plaintiff paid thereon in full settlement of all his liability and in extinguishment of that note the sum of $4,800.00, one-third of which, or $1,600.00, was admitted to be due.

A demurrer was overruled to that plea followed by a denial in the reply and upon trial before a jury, under instructions, of which there is no complaint, admitting the availability of the defense, there was a verdict in favor of plaintiff for only the amount admited ($1,600.00), and his motion for a new trial was overruled and he prosecutes this appeal. Some complaint is made about the admission of evidence and other errors which we deem immaterial. The chief and what we consider the only material ground requiring our consideration is the availability of the defense relied on.

It will at once be seen that the question raised is whether it was competent to prove, under the circumstances and facts presented by the record, the oral agreement relied on, the determination of which calls for a consideration of the rule against varying the terms of a written contract by parol proof of a prior or contemporaneous agreement. Much has been written upon the subject and many exceptions have geen grafted upon the rule against the admissibility of such testimony since it was first promulgated. Of course the purpose and intention of the rule was to preserve the integrity of an apparently complete writing and to close the door for the opportunity of frauds and perjuries in an effort to impeach the writing by a contemporaneous or prior oral agreement. The beginning of the relaxation of the rule, as contained in the exceptions thereto, was first applied to instruments not required to be under seal, and for a long while the original exceptions were not made applicable to sealed instruments. It is not our purpose to enter into a history of the law relating to the entire subject, since that can be readily found in any standard text book on the law of evidence. It is sufficient only to say here that, if the writing is complete on its face and contains nothing therein indicating or pointing to the fact that it is only a part of a larger or other transaction, forming the entire and complete one, and there has been an absolute delivery and no claim of fraud or mistake, the rule as originally promulgated is still followed and adhered to as is shown

in the late case, and the only one relied on by plaintiff, of Tross v. Bills' Executrix, 189 Ky. 115. In that case the note was absolute on its face and there was nothing contained in it referring to another collateral transaction of which the note sued on was a possible integration, as defined by Mr. Wigmore in his work on Evidence, volume 4, section 2430, that called for explanation in order to put before the court the entire transaction and obligation of the parties. One of the well founded exceptions to the rule under consideration is that under the circumstances just outlined parol evidence is admissible to explain the reference in the writing to the collateral transaction referred to, and to show what connection it has with the writing under consideration; and if the evidence is sufficient to connect the former with the latter as forming a completed transaction, the rights of the parties will be adjusted according to the contract and understanding so completed.

Hence, it is said in 22 Corpus Juris, 1156-57, that "It has been asserted that parol evidence is not admissible to connect writings which are in themselves distinct and complete and do not on their face show any connection; but this rule is not of uniform operation, as there are cases in which such evidence has been considered admissible; and *certainly* such evidence *must be admissible* where there is something on the face of one of the instruments to indicate that it does not in itself evidence a complete transaction, or where it refers to some other writing or undertaking." (Our italics.) Many cases are cited in the note supporting the text, among which is Dillingham v. Estill, 3 Dana 21, wherein it was held that a writing purporting to release the seller "from any responsibility of said negroes" could be shown by parol as applying to a warranty contained in a simultaneously executed bill of sale of two slaves, the words in the alleged release "said negroes" being sufficient, according to the opinion of the court, to prove by parol the connection of that writing with the bill of sale whereby the slaves were sold. Furthermore, it is competent to show by parol proof that a note though absolute on its face was in fact executed as collateral security for another existing debt. Corpus Juris, *supra*, 1165.

The reference in the face of the note sued on to the stock of the Iroquois Life Insurance Company deposited as collateral with the large note clearly indicated that de-

fendant was interested, at least in some way, in one-third of that stock, else he would not be in position to have its proceeds applied to the note sued on, or if he was not personally interested in it that there existed some arrangement by which he was entitled to that much credit. If he was the owner of that proportion of the stock, then it would further appear that he was in some way obligated on the larger note as principal and that those various transactions were intimately connected so as to form one transaction, and we are convinced that under the above exception to the general rule, disallowing contemporaneous parol testimony to vary the terms of a writing complete and absolute on its face, the defense here relied on was available to the defendant and the court did not err in overruling the demurrer to the answer. The evidence is admitted, not to contradict the writing, but to show what was the contract.

Defendant, by his testimony, supported by that of other witnesses who testified for him, sustained his defense, and there are circumstances appearing in the record, such as the issuing of the stock certificates to the parties, the entries appearing on the books of the insurance company, and others which likewise support the defense relied on. The principal witness contradicting those facts was the plaintiff himself, and his testimony is very confusing and greatly unsatisfactory. One fact strongly supporting defendant's theory is that the note sued on is exactly one-third of the original amount of the larger note and there was issued to him certificates of insurance company stock for 361 and a fraction shares which is one-third of 1,084 5/12 shares, the amount of the original collateral stock less 1,100 shares, which latter amount, according to plaintiff's theory, was to be sold towards liquidating the larger note. Before closing the opinion it might be stated that the collateral stock rapidly declined and the proceeds of that which was sold was wholly inadequate to pay the larger note.

Having reached the conclusions above expressed, it is unnecessary to consider the other grounds urged as sustaining the defense, and finding no error prejudicial to the substantial rights of plaintiff, the judgment is accordingly affirmed.