## Eagles, Treasurer, et al. v. Hafendorfer.

(Decided September 23, 1924.)

### Appeal from Daviess Circuit Court.

1. Pleading—On General Demurrer, Whole Answer Must be Considered Together.—On demurrer to answer, whole answer must be considered together.

2.  Pleading—Pleadings Must be Construed Strongest Against Pleader.
    —Pleadings must be construed most strongly against pleader.

3.  Subscriptions—Answer to Notes Executed as Part of Fund to In-
    duce Construction of Highway Held Not to State Defense.—
    Answer to action on notes given county treasurer as part of fund
    to be raised by county to induce state and federal governments
    to locate and construct highway, alleging that note was made on
    representation that officers in charge "might be induced to locate"
    road near defendant's farm, and that road was not so located,
    held not to state defense.

4.  Subscriptions—When Maker is Liable on Notes Donated to In-
    duce Construction of Road.—If maker of notes given as part of
    fund to be raised to induce construction of highway contributed
    the notes on condition that road should be built along a certain
    line or course, he was not liable, unless there was a substantial
    compliance, provided those making representations had authority
    to speak; but, if road was located and constructed substantially
    along line indicated by those soliciting funds, he is bound if note
    was made in consideration of other donations.

WILBUR K. MILLER for appellants.

FLOYD J. LASWELL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Reversing.

This suit was commenced by H. B. Eagles as treas-
urer of Daviess county and the three commissioners
composing the fiscal court of that county against Hafen-
dorfer to recover of him upon three notes aggregating
$500.00 which he executed to Eagles as a part of a fund
to be raised by the county to induce the state and federal
governments to locate and construct a highway from
Louisville to Paducah, the same to be located through the
neighborhood in which appellee's farm was located. Ap-
pellee Hafendorfer admits the execution of the notes and
that he has not paid them, and defends the action against
him upon the grounds, (1) that there was no considera-
tion for the notes, and second, that the highway was not
located along the line indicated by those who solicited his
subscription and that the consideration had failed.  A
general demurrer was filed to each paragraph of his an-
swer and overruled by the court.  The first paragraph
of the answer averred that the note sued on was executed
without consideration. This was a sufficient pleading
standing alone. The general demurrer when applied to
the first paragraph alone was properly overruled to it, but
not so when the whole answer is considered together, as
it must be.  The second paragraph is much longer, but in-

definite and rather hard to comprehend. We are, there-fore, in some doubt as to whether it states a defense to the petition and whether the general demurrer to it should have been sustained. After reciting the purposes for which the notes were given, the building of the high-way from Louisville to Paducah and the desire of certain citizens to obtain the location through their property in Daviess county and near the farm of appellee Hafendor-fer, the answer avers "that prior to the execution of said note certain persons, being private citizens of Daviess and Henderson counties and interested in procuring the location of said highway in the western portion of Da-viess county and the eastern portion of Henderson county along and upon a certain route, but having no authority to represent the state of Kentucky or the United States or Daviess county or Henderson county, approached this defendant and stated and represented to him that if he and other persons would donate certain sums for that purpose the authorities and officers in charge of the loca-tion of said highway 'might be induced to locate' same upon the line and route designated by said persons and that said proposed line and route of said highway would pass directly by and in front of a farm and tract of land owned by this defendant and upon which he then lived and now lives."

The answer then avers that the road was not con-structed along the lines indicated by the solicitors of the donation and that the road located was no benefit to Ha-fendorfer or his farm; that the note was executed en-tirely without consideration and only as evidence of a gift and donation in aid of the location and construction of said highway; that the note was to be paid only upon con-dition that said highway was to be located and con-structed upon the said line and route by and in front of defendant's said farm; that the location of said highway has since been located and determined by officers in au-thority and that it does not run in front of his said farm; that the said road is now being constructed and will be completed by the state government and the federal gov-ernment. The pleadings must be construed strongest against the pleader. It avers that the funds were solic-ited by persons who had no connection whatever with the state or federal governments, or the county government of Daviess or Henderson counties, and the representa-tions as to the location of said road were made by persons having no authority to speak.

That the donation was made by appellee on the representation that the officers having the location of the road in charge "might be induced to locate" and build the same along in front of and near appellee's farm. We have concluded, after some hesitation, that the answer did not state a defense and that the general demurrer to it should have been sustained, with leave to amend. The only issue presented appears to be whether the highway was located along the line suggested by those soliciting the contributions and as represented by persons having no authority to speak. If the contribution made by appellee on condition that the road should be built along a certain line or course, then he was not liable thereon unless there was a substantial compliance with that undertaking in the location and construction of the road, provided those making the representations had authority to speak; but if the road was located and constructed substantially along the line indicated by those soliciting the funds, he is bound on his subscription if it were made, as is generally the case, in consideration of other donations by other citizens living in the same neighborhood to induce the location and construction of the highway through that vicinity.

The pleadings are in a most unsatisfactory condition and the parties should be allowed to amend and plead to an issue, if they desire to do so. The answer is too indefinite and uncertain, although it contains quite a lot of surplusage matter.

For the reason indicated the judgment is reversed.