## Vance v. Dobson, et al.

(Decided November 21, 1924.)

### Appeal from Green Circuit Court.

1.  Evidence—Oral Evidence Admissible to Show Written Subscription was Delivered on Condition.—Oral testimony is admissible to show that written subscription agreement was delivered on condition.

2.  Subscriptions—Fact that no Architect was Employed, and Contractors were Inexperienced as Represented that they would be, no Defense to Subscription Agreement.—Fact that there was no architect employed, and that contractors were inexperienced, as represented when taking subscriptions for construction of school building, would be no defense to action on subscription agreement, if building was in substantial accordance with original design.

3.  Subscriptions—Chairman of Board of Trustees of School District could Not Avoid Subscription Agreement by Reason of Representations Made by his Own Agent in Speech.—Chairman of board of trustees of school district could not avoid his agreement to subscribe to construction of school building because of representations made by one selected by him to make speech at meeting, concerning character of building to be constructed.

4.  Schools and School Districts—Representations Made in Speech by One Soliciting Subscriptions for School Building Not Binding on Board.—Representations as to character of building to be constructed, made by one selected by chairman of board of trustees of school district, were not binding on the board, where it had not authorized their utterance.

NOGGLE & GRAHAM for appellants.

JEFF HENRY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The Greensburg graded common school white district number 1, by itself, its treasurer and its board of trustees brought this action in the Green circuit court against appellant and defendant below, L. M. Vance, to recover from him the amount of his written subscription of $500.00 which he executed and delivered on February 28, 1921, agreeing and promising to pay the district that sum for the construction of a new schoolhouse and the purchasing of a suitable site therefor, at such times and in such installments as the board of trustees should call for. It was alleged that the schoolhouse had been com-

pleted and that defendant had been called upon to make payment of his entire subscription and that he refused to do so. He admitted all those facts in his answer, but in a second paragraph attempted to plead certain supposed material conditions upon which his subscription was made and which induced him to do so and that those conditions had been violated. As a precautionary measure he also averred that the conditions had been omitted from the written subscription executed by him through mutual mistake, but that averment was not necessary in order to allow evidence of the fact, if it was true, that there were material conditions and that they had not been complied with, since in that case the eventual taking effect of that writing as an obligatory paper never occurred and the authorities are quite uniform in holding that proof of such facts does not violate the rule forbidding oral testimony to contradict the terms of a writing. The court sustained plaintiffs' demurrer filed to the answer and defendant declining to plead further, judgment was rendered against him and he appeals.

The substance of the answer containing the defense and to which the demurrer was sustained, was that defendant had been for a long time and was then the chairman of the board of trustees of the graded school and that the trustees, including himself, had discussed the proposition of raising money to construct a more modern and very much needed school building on grounds to be thereafter purchased for the purpose, and they concluded to have a public meeting at one of the churches in Greensburg at which a drive to obtain subscriptions from the patrons of the school would be inaugurated. Defendant and one Durham voluntarily assumed to act as a committee to select a speaker to address the audience at the church and to set forth the intentions and purposes of the board of trustees and to use such persuasive arguments as would be calculated to induce subscriptions; that defendant and Durham selected one Woodson Lewis, who was the largest taxpayer in the district, to make the address at the meeting and instructed him as to the substance of what he should say in that address and that he did make the speech according to directions. It is then averred that Lewis stated in his address, among other things, that the schoolhouse was to be modern and up to date in all of its appointments; that it was to cost not less than $40,000.00, and to be built under the supervision of a competent architect

and by competent contractors who should furnish ample
and sufficient bond; that none of the subscribed money
was to be spent until a sufficient amount was raised to
complete the building, and, furthermore stated that the
subscriptions "would be safeguarded in every way pos-
sible." He then alleged that those statements were not
complied-with, in that the school building erected did not
cost exceeding $30,000.00, and it was not modern in *all*
of its appointments; that it was not built under the su-
pervision of an architect, nor by competent contractors,
but by inexperienced and unskilled labor, and that it
was commenced before a sufficient amount of money was
raised to complete it. It is doubtful if the pleading was
sufficient in substance to constitute a defense, since it is
not pointed out wherein defendant or the district
suffered injury or sustained loss because of the alleged
violations of the conditions and representations made by
Lewis in his speech. For aught that appears, there may
have been a small amount of inferior material used in
the construction of the building and yet as finished it
was in substantial compliance with the one intended and
the one which Lewis represented. Neither would the
fact that there was no architect constitute a defense, un-
less the failure to obtain one resulted in a substantially
different building being constructed, and the same is
true with reference to the contractors, for although they
may have been inexperienced, they may have also con-
structed the building in substantial accordance with the
original design.

But, however that may be, the answer shows that
the representations made by Lewis in his speech were
not authorized by the board of trustees but were such
as defendant instructed Lewis to make, and the latter
was his agent for that purpose. So that the real case is
that the defendant, as chairman of the board of trustees,
through his own selected agent for the purpose, repre-
sented to himself the character of building that he, rep-
resenting the board of trustees, intended to construct
with the subscriptions obtained, and that the speech so
made by him through his selected agent induced him to
make the subscription sued on "and that but for such
conditions and stipulations (made by Lewis as his se-
lected agent) he would not have executed the writing
sued on herein." In other words, the defense is, as we
construe the answer, that defendant made a speech to

himself in which he imposed certain stipulations and conditions upon the subscription which he was about to make for himself, and he believed the truth of what he said to himself through his agent and but for which he would not have subscribed; and that the statements made by himself through his agent to himself were not literally carried out by the board of trustees of which he was chairman, and he was thereby deceived by what he himself said to himself and should be excused from payment. The position is a novel one and is a conspicuous contribution to the long list of new questions with which this court is daily confronted in the discharge of its duties. If the defense could be made available under such facts and circumstances, it would enable one to make a grand showing of public spiritedness at no expense whatever, as well as enable him to induce others to subscribe and incur obligations who had no connection whatever with the represented stipulations and conditions originating with himself and which he caused to be made. We are not aware of any law that will countenance such a defense by one so situated, and none has been pointed out to us, and for that reason we find ourselves unable to sustain it.

However, if it were otherwise the questions raised were presented and determined by us adversely to defendant's contention in the very recent case of Lewis v. Durham, etc., *idem* 403. That case was a suit against Lewis, who made the speech at the instance of the defendant herein and whose subscription was made not by Lewis, but by this defendant as secretary of the meeting, but of course at the instance of Lewis. It was held in the opinion referred to that the representations made by Lewis were not obligatory on the part of the trustees, since they were not made upon the instance and suggestion of the board as such, but at the instance of Vance, its chairman, and without any direction by the board for him to do so. This case is a stronger one for denying the defense than was the Lewis case, the reasoning of which we again approve, and it is conclusive upon us on this appeal.

Wherefore, the judgment is affirmed.