## Gaines v. Hume, Sheriff of Boone County.

(Decided June 4, 1926.)

### Appeal from Boone Circuit Court.

1. Subscriptions—Sheriff Held Entitled to Prosecute in His Own Name Action on Note, Proceeds of which were Intended to be Used for Public Purpose (Civil Code of Practice, Sections 18, 21). —Under Civil Code of Practice, section 21, creating exception to rule under section 18 that every action must be prosecuted in name of real party in interest, sheriff held entitled to maintain suit in his own name for collection of note representing subscription to fund for public purpose, and proceeds of which were to be used for purpose intended.

2. Subscriptions—Answer to Action on Note Subscribed in Aid of Primary Federal Aid Road, Setting up Change in Route Represented, but Failing to State Person Making Representations and His Authority and Effect of Proposed Change on Expected Benefits, Held Insufficient.—In action on subscription note to fund for construction of primary federal aid road along certain highway, reciting as consideration benefit to be derived, answer alleging that route was to be upon an entirely different location than represented, but failing to allege person making representation and his authority to do so, and that there was any alteration of route which would materially affect expected benefits, held insufficient.

O. M. ROGERS for appellant.

JOHN L. VEST and B. H. RILEY for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Appellee filed this action on a $500.00 note payable to "the sheriff of Boone county, Kentucky."

The answer was in four paragraphs, two of which were withdrawn, and the court sustained a demurrer to the other two, and from such action this appeal is prosecuted.

The note on its face recites:

"For the purpose of aiding Boone county, Ky., in raising one-fourth of the cost of the construction of a primary federal aid road along the Dixie Highway through Boone county from Walton to Florence, the consideration being the benefit I will derive therefrom, by my subscription and the subscriptions of others, I promise to pay, etc."

One paragraph of the answer alleges that the plaintiff as sheriff or otherwise has no interest in the note sued on, and therefore has no right, power or authority to institute or maintain the action, because the same has not been brought and is not prosecuted in the name of the real party in interest.

Section 18 of the Civil Code provides that every action shall be prosecuted in the name of the real party in interest, except as provided in section 21; and section 21 provides:

> "A personal representative, guardian, curator, committee of a person of unsound mind, trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another, a receiver appointed by a court, as assignee of a bankrupt, or a person expressly authorized by statute to do so, may bring an action without joining with him the person for whose benefit it is prosecuted."

The authority in the quoted section for a person with whom or in whose name a contract is made for the benefit of another to institute and prosecute an action is too explicit to need interpretation. We have here a note executed to a public official as a matter of convenience, by way of subscription to a fund for a public purpose, and obviously the code provision was intended to authorize such person to enforce in his own name the collection of the note, the proceeds to be used for the public purpose intended. This code provision was construed in the case of Mutual Insurance Company v. Hammond, 106 Ky. 386, and it was there held that although the plaintiff in that action was only the owner of a one-third intrest in property destroyed by fire as the contract for the whole insurance was made with him for the benefit of himself and the other joint owners he might bring and prosecute the action in his own name.

The defendant in another paragraph of his answer alleges that the Dixie Highway from Walton to Florence, which it was proposed to construct as a federal aid road, had been known for 100 years as the Covington and Lexington turnpike, and the same extended along the entire front of defendant's farm, which was then and is now improved with a large and valuable residence, barns and other necessary outbuildings, so constructed as to front on said road; and that the real and true consideration

for the execution of the note, if there was any, was the peculiar or specific benefit that defendant would derive from having the Dixie Highway along and in front of his farm so constructed as a primary federal aid road and surfaced with concrete, and that he was induced to and did sign the note "upon the representation and under the belief that the said Dixie Highway, between said towns and along in front of his said farm, would be thus improved." He then alleges that since the execution of that note "that portion of the Dixie Highway along and in front of his farm and which it was, at that time, proposed to be constructed and improved in the way and manner aforesaid, and for which purpose the said note was given, has been discontinued and is no longer the Dixie Highway, or any part thereof, and will not be improved or constructed as a primary aid road, with concrete surface or otherwise. He says that it is proposed to collect said note and use the proceeds thereof to aid in constructing a primary federal aid road along and upon a new and entirely different location and the same will be so used if this defendant is compelled to pay the same," and that therefore the consideration for the execution of the note had failed.

In the first place there is no allegation that the representations which he says induced him to sign the note were made by any person whatsoever, much less any person having authority to make them; and manifestly he could not rely upon representations made to him by any one without authority, and upon whose representation he might safely rely. Eagles, v. Hafendorfer, 204 Ky. 696.

But apart from that, there is no allegation that there has been any material alteration of the route over which the road is to be constructed, or that it materially affects the benefits expected to be derived by him in the improvement of and use of his property. His allegation is that the road is to go along upon a new and entirely different location, and there is nothing to show the extent of such deviation from the originally proposed route, how it affects the value or use of his property, or that it in any wise detracts from the real consideration which he says moved him in the execution of the note. In short there is a failure to set up such a state of case as shows a failure of consideration.

The note on its face was a conditional promise to pay, and in the absence of averments of facts disclosing

a failure to substantially comply with its provisions, or to show material deviation from the route proposed the pleading was insufficient. Webb v. Dunn, 198 Ky. 111.

Judgment affirmed.