## Livingston County, et al. v. Evans, et al.

(Decided May 24, 1927.)

Appeal from Livingston Circuit Court.

Subscriptions.—Signers of subscription agrement to raise money to build road, which contained express condition that such road must first be built, where subscription was taken after road had

been designated by fiscal county court as one of inter-county seat roads to be constructed under state aid plan and after court had entered order that it would construct first that road to which most money should be subscribed, were not liable thereon where other roads were built first, regardless of fact that such other roads were not constructed under state aid plan, but were constructed from proceeds of bond issue by state highway commission under provisions of Act of 1920.

J. R. WELLS for appellants.

CHARLES H. WILSON and CHARLES FERGUSON for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

In 1918, a great many citizens of Livingston county, Ky., signed the following writing:

> "We, whose names are signed below, hereby subscribe the amount set opposite our respective names, to a road fund to be used in the construction of the county seat connection road between Smithland and Iuka, to be paid under the order of the Livingston county fiscal court, provided said road should be the first one to be built under state aid, the said road to be located along or near the location of the public road leading directly between said places, as may be advisable, considering grades, etc., and to be known as the 'Lyon County Connection Road' or the 'Smithland and Eddyville Road.' "

The total amount subscribed by those who signed that subscription is $5,137.50. At that time our present system of constructing state highways had not been provided by the Legislature, and the road mentioned in the subscription paper above was one of several inter-county seat roads in Livingston county which had been designated by its fiscal court under the then existing state aid plan of constructing inter-county seat roads. At the time the various inter-county seat roads were designated by the fiscal court of Livingston county the order entered so designating them also provided that the fiscal court would construct first that one of them to which citizens interested would subscribe the most money. The subscription of $5,137.50 by the citizens interested in the road between Smithland and Iuka was the result of that competition between the various designated inter-county seat roads and was the largest subscription made to any

of them. Shortly before this time the voters of Livingston county had voted a special 20-cent tax for road purposes to be used in the construction of the inter-county seat roads, the money derived from that source to be supplemented by such aid from the state road fund as was then available under the Statutes then regulating road building. The 20-cent road tax provided approximately $9,000 per year. On June 20, 1918, and after the subscription above had been made, the fiscal court of Livingston county entered an order reading:

"Be it resolved that the public interest demands the improvement and construction of the following road for about 12 miles, beginning at Smithland and running to Iuka, same being a portion of the inter-county seat road connecting Eddyville, the county seat of Lyon county, with Smithland, the county seat of Livingston county, on the most direct and practical route, and it is the sense of this court that said road be improved under state aid and under state supervision during 1919."

The order entered further provided that application be made to the commissioner of public roads for the amount due Livingston county from the state road fund for use on the Livingston-Iuka road, and this order appears to have been entered pursuant to the orders previously made by the fiscal court to the effect that one of its inter-county seat roads would be built first to which those interested subscribed the largest donation. Nothing appears to have been done in 1918 or 1919 with reference to constructing this road or any other roads in Livingston county. In 1920 the Legislature changed the entire plan of the state's participation in road building and provided the system of highways to be constructed and maintained by the state highway department. Shortly thereafter the voters of Livingston county voted a bond issue of $200,000 for road purposes. The tax levy provided for in connection with the bond issue superseded the special 20-cent road tax previously voted, and thereafter no funds were available for road building purposes so far as the county was required to furnish them except the proceeds of the bond issue. Co-operating with the state highway commission and supplying the county's portion of the funds from the bond issue, under the present state road law, one of the highways from the county

seat to the county line has been finished and surfaced and on two others the grade has been completed and all the drainage structures installed. The only work done on road leading from Smithland to Iuka, which is 12 miles long, is that 5¾ miles of the grade has been made. and the drainage structures installed. The remainder of the road is yet in the condition it was when the subscribers affixed their signatures to the subscription paper quoted above.

. This action was instituted in 1925 by Livingston county and it fiscal court against the various subscribers to the Smithland-Iuka road fund and certain others, who, by writing, had guaranteed the payment of its subscription to enforce their collection. The subscribers and those who guaranteed the payment of the subscription defended upon the theory that. the subscriptions were conditional and that the condition had not been met. Their defense was that they subscribed upon the condition that the Smithland-Iuka road be the first constructed by Livingston county under the state aid plan, and that as three other inter-county seat highways have been constructed they are relieved of their subscription. The trial below resulted in a judgment in favor of the subscribers, and the county has appealed.

The facts recited above seem to speak for themselves. The subscription, which appellees signed, contained the express condition that the subscribers agreed to pay the amount set opposite to their respective names upon the condition that the Smithland-Iuka road be the first one to be built. The subscription was taken after that road had been designated by order of the fiscal court as one of the inter-county seat roads to be constructed and after the fiscal court had entered an order that it would construct first that road to which the most money by way of donations should be subscribed. The argument for appellant, that the other three roads constructed in Livingston county have not been constructed under the state aid plan, but have been constructed by the state highway commission under provisions of the act of 1920, is plausible but not convincing. The funds of the county available for use in road construction must come from the proceeds of the bond issue voted in 1920. Thereafter all of the revenue available from county levies of taxation for road purposes were required to provide a fund for the payment of interest on the bond issue and to provide a sinking fund for the retirement of the bonds. That the

state highway commission after 1920, in the exercise of the discretion placed in it, saw fit to construct certain others of the highways of Livingston county before it constructed the Smithland-Iuka road cannot be said to have served to prevent appellees relying upon the conditions under which they subscribed to that road fund. The county's portion of the cost of these other highways was furnished from the proceeds of the bond issue. Its portion of the cost of the Smithland-Iuka road must come from the same source. That it was unable to induce the highway department to construct the Smithland-Iuka road first cannot be attributed to the subscribers to the fund for that road. The condition under which appellees subscribed to this road fund was a valid one and was brought about by the action of the fiscal court of Livingston county. The conditions have not been met but, on the other hand, the funds of Livingston county available for road purposes have been used and expended in the construction of three of its other inter-county seat highways. Having subscribed to the county's road fund upon the condition that the road in which they were interested be first built by the county, the subscribers have the right to avail themselves of the breach of that condition and may not now be compelled to pay to the county their subscriptions.

The judgment appealed from, being in conformity with this opinion, will be affirmed.

Judgment affirmed.