## Wickliffe's Executors v. Smith.

(Decided October 16, 1928.)

Appeal from Muhlenberg Circuit Court.

1. Parties.—Under Civil Code of Practice, sec. 18, providing every action must be prosecuted in the name of the real party in interest, except as provided in section 21, to effect that person with whom or in whose name a contract is made for benefit of another may prosecute action in his own name, action on a contract providing for payment of money to bank, to be paid out on the order of committee appointed to co-operate with fiscal court in securing and constructing highway, was properly brought by committee for the use and benefit of county, as constituting the real parties in interest.

2. Subscriptions.—Failure of highway commission to construct road within city, wherein subscriber owned lots, held not to constitute a failure of consideration for subscription contract for funds to be used in construction of highway, since subscriber was bound to take notice that, under Ky. Stats., sec. 4356t-8, city council had power to order reconstruction of streets at any time.

3. Subscriptions.—Only a substantial deviation from proposed route of highway will avoid subscription to aid in securing and constructing road.

4. Subscriptions.—False representation by public speakers, alleged to have induced subscription to aid in securing construction of highway, are not available as defense, without showing that persons making representations had authority to speak for county or highway commission, or committee appointed to co-operate with fiscal court in securing roads.

EAVES & SANDIDGE for appellants.

WILKINS & SPARKS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

In the year 1919 a citizens' meeting was held at Central City to secure the location in Muhlenberg county of an important public highway, and to this end a committee was appointed to cooperate with the fiscal court in securing the road, the purpose being to get up subscriptions to aid the fiscal court in raising the money necessary for this purpose. At that meeting five gentlemen were appointed as a committee to this end. Later the fiscal court made an order approving the appointment of the committee, pledging it its support and co-operation, and appointing the same persons "to act in connection with the fiscal court to construct said highway, and in the expenditure of all funds available for the construction of said road." Among the subscriptions obtained was one from W. A. Wickliffe in these words:

"$500.00          Greenville, Ky., July 28, 1919.

"For and in consideration of the benefits which will be derived by me or us from the construction of a metal highway through Muhlenberg county, to be known as the Central Highway, beginning at the Hopkin's county line at Clark's Ferry bridge on Pond river, and running thence through Depoy, Greenville, Powderly, Central City, South Carrollton, and Bremen to the McLean county line on the Greenville and Calhoun road, I or we promise to pay to the order of First Nationnal Bank of Greenville, Ky., to aid in the construction of said road, five hundred and no/100 dollars. I, or we, agree to pay said sum to said bank in two equal installments, without interest, except from maturity. The first installment to be due and payable on February, 1920, and the second installment to be due and payeble on August 1, 1920. Said sums, when so paid to said bank, shall be held by it subject to, and paid by it on the order of J. A. Smith, W. G. Duncan, Jr., D. F. Mercer, Edgar Nicholls, and Harry Gatton, commissioners, or their successors, and upon such payment the liability of said bank growing out of its collection of said sum shall cease and determine. All subscribers to this fund shall pay cash or execute an

agreement the same as this, except as to date and amounts.

"(Signed) · W. A. Wickliffe.

"Witness:———.

"P. O. ———."

The note was not paid at maturity; the bank delivered the note to the committee, with this indorsement on it:

"The within note is assigned to the order of ———, without recourse either in law or equity, this — day of ——, 192—.

"First National Bank, Greenville, Ky.,

"By ———."

Thereupon the committee, the county of Muhlenberg, and the department of public roads and highways of the state of Kentucky filed this action to recover on the note. The defendants, who were the executors of Wickliffe, demurred to the petition on the ground that the plaintiffs were not the proper persons to sue. The demurrer was overruled. The defendants filed answer. The court sustained the plaintiff's demurrer to the answer, and gave judgment for the plaintiffs. The defendants appeal.

The demurrer to the petition was properly overruled. Section 18 of the Civil Code of Practice provides that every action must be prosecuted in the name of the real party in interest, except as is provided in section 21, and by section 21 it is provided, among other things, that a person with whom or in whose name a contract is made for the benefit of another may prosecute the action in his own name. By the terms of the contract the money was to be paid to the bank, but the bank was to pay it out on the order of the committee. The bank was merely the custodian, to hold the money for the committee and to pay it out on its order. The committee was the real party in interest. The subscription was made in the interest of Muhlenberg county, and it, too, was joined as one of the plaintiffs. The action was therefore properly brought. Mutual Insurance Co. v. Hammond, 106 Ky. 386, 50 S. W. 545, 20 Ky. Law Rep. 1944; Gaines v. Hume, 215 Ky. 27, 284 S. W. 119.

The answer pleaded in substance that Wickliffe was the owner of two lots in Greenville, in front of which the road ran, that the road was not constructed by the highway commission through Greenville, and that the city

had by ordinance required these streets reconstructed at the cost of the property owners, and at a cost to him of about $1,200, and that the consideration of the contract had failed by reason of section 4356t8, Kentucky Statutes, which is in these words:

"When any primary road herein designated must pass through a city or town, the state highway commission is hereby empowered to enter into a contract with such city or town for the construction of such road if the road through the city or town is to be different from the road constructed outside of the city or town; but if the road is the same the cost thereof shall be paid as is the cost of other roads designated herein. In the event it is necessary to construct a road or street at a greater cost than is paid for construction of a like lineal mileage outside of the city or town, such city or town must pay the additional cost of construction, and the details shall be agreed upon between such city or town and said state highway commission."

In Shaver v. Rice, 209 Ky. 467, 273 S. W. 48, the power of the council, under the statute, to order the reconstruction of these streets was upheld by this court in these words:

"The primary system of state highways, originally created and as added to by succeeding Legislatures, is an exceedingly large undertaking, and many years will elapse before, from the revenue that may be devoted to it, under the constitutional and statutory limitations fettering the road department, it can be completed. If appellants' contention should be upheld, a city would be powerless to improve any of its streets which constitute a portion of the primary system of highways, not only at the expense of abutting property owners, but it would be equally powerless to repair, construct, or reconstruct those streets at its own expense, or at the joint expense of the city and the abutting property owners. The Legislature, in adopting the primary system of state highways, undertook to and doubtless did select the most important highways in the state. As those highways pass through the various cities and towns of the state, necessarily they cover their most important streets. To uphold appellants' contention would

be to hold that until, within the limitation imposed, a sufficient amount of revenue has become available for the state highway department to take over and construct the entire system of state highways, including such of the streets of all the cities and towns of the commonwealth as constitute a part of it, no city or town may legally expend any of its money derived from any source upon any of those streets. The deplorable condition that would follow that holding may readily be realized. The enaction of the two sections of the state road law quoted above did not have the effect of repealing the statutes then existing authorizing cities and towns to construct and maintain their streets according to any of the plans then provided for by law. Those two sections of the statute mean, and can only mean, that whenever funds become available and the road department takes over and undertakes to construct any of the primary system of highways within the corporate limits of cities and towns of the commonwealth, the plan provided for in those sections of the statute must be followed. Until such time cities and towns have authority, under the provisions of their respective charters, to construct, reconstruct and keep in repair their streets under any of the plans provided for them.''

All persons were required to take notice of the law. The court did not create the law by the above decision; it only declared the law under the existing statutes. When Wickliffe made his subscription, he made it under the law, and he was bound to take notice of the law. By the law the highway commission had its own time to build this street, and in the meantime the city council had power to order the street reconstructed. His subscription simply was a subscription toward the building of the road under the law. There was no failure of the consideration, for he was bound to take notice of the law that the city council had power to order the reconstruction of the streets, and that there was nothing in the contract abrogating this. The words in the contract, ''Beginning at the Hopkins county line at Clark's Ferry bridge on Pond river, and running thence through Depoy, Greenville, Powderly, Central City, South Carrollton, and Bremen to the McLean county line on the Greenville and Calhoun road,'' merely give the route of the road. There was nothing in the contract limiting the power of the city

of Greenville over its streets. The road ran for 2½ miles through Greenville. Precisely the same question has arisen in many other cities. The thing the parties had in mind was the getting of the highway through the county on the route indicated. In such cases only a substantial deviation will avoid the subscription. Webb v. Dunn, 198 Ky. 111, 248 S. W. 840; Bickett v. Meade County, 209 Ky. 157, 252 S. W. 1017; Brown v. Farmers' Deposit Bank, 223 Ky. 171, 3 S. W. (2d) 215. Here there was no deviation, but only a failure of the highway department to build the highway through Greenville, and the fact that the city then built this part of it. This was a chance the subscribers all took. They in fact obtained the real consideration, the highway through the county. The fact that Wickliffe owned two lots in Greenville did not make his obligation different from other subscribers by like obligations who owned no property there. Appellants rely on Livingston County v. Evans, 220 Ky. 187, 294 S. W. 1044, but in that case the subscription contained an express condition that the road provided for should be the first one to be built, and it was not built. There is no such condition in the subscription here.

The defendants also pleaded that, when his subscription was obtained, the persons who obtained it and the public speakers in the meeting made false representations to him to the effect that the highway commission would build the road through Greenville if the subscription was made, but no facts are alleged showing that these persons had any authority to speak for the county or the highway commission or the committee, and it is well settled that such representations are not available as a defense. Vance v. Dobson, 205 Ky. 640, 266 S. W. 368; Gaines v. Hume, 215 Ky. 27, 284 S. W. 119. Wickliffe was bound to know that these parties knew no more about this than he did. All of them had to take notice of the law as afterwards held in Shaver v. Rice, and were bound to know that this would depend on what action the state and city officers might in their discretion take in the future.

The defendants also pleaded that the highway commission had constructed the road through two or three towns of the sixth class in Muhlenberg county, and insist that the commission was without authority to discriminate between towns. But these were smaller towns, the distance was no doubt smaller, and the court cannot sit in judgment upon the judgment of the highway commis-

sion· in such matters. It is their duty to construct the highways, and when they should construct them was left to their discretion under the law then in force, and until they acted the duty to keep its highways in order rested upon the city of Greenville.

Judgment affirmed.