## Breckinridge County et al. v. Beard.

(Decided March 11, 1930.)

H. L. JAMES and JESSE R. ESKRIDGE for appellants.

MOORMAN, WALLS & BEARD, ALLEN R. KINCHELOE, P. M. BASHAM, ERNEST WOODWARD and WOODWARD, HAMILTON & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Breckinridge county sued M. D. Beard upon two notes for $1,666.66 each. The answer interposed a defense to the effect that the notes were executed pursuant to a written subscription by which the defendant had agreed to donate $5,000 to the county for the purpose of constructing a public road upon condition that the road should be completed within three years from the time of the subscription, and that it should be of water-bound macadam construction. No such road was built within the three years, or at all, and the gravel road which was ultimately constructed was not built until 1927. The written contract of subscription also contained an agreement that notes might be given making the donation payable in three equal installments, due in one, two and three years. Upon motion of defendant, a rule was issued against the county to produce the written contract of subscription which had been delivered to it, and was last seen in the custody of an officer of the county. In response to the rule, the county answered that it was unable to produce the writing. The contents of the writing, however, were proven to have been in accordance with the pleading of defendant. The

case was submitted to the court without the intervention of a jury, and a separate finding of law and facts was made. It was found as a fact that defendant had made a written subscription to the road which contained the conditions that the road was to be completed within three years, and was to be of water-bound macadam, or better, surface. It was further found as a fact that the subscription contract provided that notes might be given payable in one, two, and three years, and that the notes sued on were two of the notes executed by the defendant in pursuance of the subscription; that Breckinridge county and the fiscal court had notice of the terms and conditions of the subscription; that the Bank of Hardinsburg & Trust Company was the payee in the note and was the authorized and acting agent of the county for that purpose; that the notes were executed and delivered with the understanding and agreement that the conditions of the subscription should be carried out; and that the road was not completed either actually or substantially in conformity to the conditions. The court concluded as a matter of law that the subscription was merely an offer until accepted, which might be legally burdened with any conditions desired by the subscriber, and, when the county accepted the offer, it accepted the conditions coupled with it, and could not recover upon the notes without complying with the conditions. Judgment was entered accordingly dismissing the action and the county has prosecuted an appeal.

It is first argued that parol evidence is not admissible to prove the contents of a written instrument unless it is shown that the writing is lost or destroyed. The contention is correct. Elkhorn Land & Imp. Co. v. Wallace, 232 Ky. 726 24 S. W. (2d) 560, decided February 4, 1930. But in this case the lost document had been delivered to, and belonged in the custody of, the plaintiff, and it was directed by the court to produce it. Under such circumstances it was proper to prove the contents of the document as a lost instrument. Mussellan v. C., N. O. & T. P. Ry. Co., 126 Ky. 500, 104 S. W. 337, 31 Ky. Law Rep. 908; Muir v. Glossbrenner Motors Co., 211 Ky. 1, 276 S. W. 1058.

It is argued also that the county is not bound by any action of the individual members of the fiscal court, but only by corporate action taken in regular sessions and evidenced by official record. McDonald v. Franklin

County, 125 Ky. 205, 100 S. W. 861, 30 Ky. Law Rep. 1245; Montgomery County v. Taylor, 142 Ky. 547, 134 S. W. 894; Leslie County v. Keith, 227 Ky. 663, 13 S. W. (2d) 1012. The contention may be conceded, but the principle does not militate against the defense interposed in this case. It applies only where there is an effort to impose liability upon a county, and where the county itself is seeking to recover upon a promise to make a donation it is bound by the conditions of the obligation upon which it sues. Livingston County v. Evans, 220 Ky. 187, 294 S. W. 1044; Webb v. Dunn, 198 Ky. 111, 248 S. W. 840. The American Printing House v. La. Board of Trustees, 104 U. S. 711, 26 L. Ed. 902. A party who enters into a written contract may be held liable according to the terms of the agrement, but, if the agreement rests upon express conditions, performance of those conditions is an essential prerequisite to the right of recovery. Eckler v. Galbraith et al., 12 Bush, 71; Owens v. Curd et al., 192 Ky. 146, 232 S. W. 639. It is true that written subscriptions, unfettered by conditions, may be executed and delivered, and in that case a party is bound by the terms of the contract, and may not rely upon unauthorized representations made by others to induce the subscription, but not incorporated in it. Wickliffe's Ex'rs v. Smith, 225 Ky. 796, 10 S. W. (2d) 291; Vance v. Dobson, 205 Ky. 640, 266 S. W. 368; Gaines v. Hume, 215 Ky. 27, 284 S. W. 119; Brown v. Farmers' Deposit Bank, 223 Ky. 171, 3 S. W. (2d) 215. But the rule is otherwise when the conditions are embodied in the subscription itself. Ogden v. Kirby, 79 Ill. 555; Burlington & M. River R. Co. v. Boestler, 15 Iowa 555; M. K. & C. Ry. Co. v. Thompson, 24 Kan. 170; Cin., S. & C. R. Co. v. Bensley (C. C. A.) 51 F. 738, 19 L. R. A. 796.

It is said that this action was predicated upon promissory notes alone, and not upon the written agreement pursuant to which the notes were executed, and that in the absence of fraud or mistake, no evidence of contemporaneous or previous oral declarations or agreements is admissible to contradict the terms of the notes. Tross v. Bills' Ex'x, 189 Ky. 115, 224 S. W. 660; Simons v. Douglas' Ex'r, 189 Ky. 644, 225 S. W. 721; Simpson v. Blaine, 191 Ky. 465, 230 S. W. 934; Barret v. Clarke, 226 Ky. 109, 9 S. W. (2d) 1091. The principle of those cases cannot be applied in this one, because the basis of the notes was the

written subscription, which contained in express terms the conditions upon which the notes were to be payable. It is well settled that several separate writings relating to the same subject-matter must be considered together to determine the contract between the parties. 13 C. J. sec. 487, p. 528; Parks' Ex'r v. Cooke, 3 Bush, 168; Early v. Douglas, 110 Ky. 813-818, 62 S. W. 860, 23 Ky. Law Rep. 298; Knott v. Hogan, 4 Metc. 100; Macpherson v. Bacon, 180 Ky. 773-779, 203 S. W. 744; Terrell, Jr., v. Cheatham, 200 Ky. 667-674, 255 S. W. 262; Sackett v. Maggard, 142 Ky. 590, 134 S. W. 888; Kirchdorfer v. Watkins et al., 198 Ky. 69, 248 S. W. 251. In Barret v. Clarke, supra, it is expressly recognized that, if the conditions upon which the note was payable are to be invoked, they must be reduced to writing. It is not the fact that there are two or more papers covering a transaction, but the contradiction of a writing by oral testimony, that is not admissible. There is no effort in this case to impose any liability upon the county; the sole purpose being to defend an action by the county on the ground that the obligation upon which the action is founded became unenforceable because the conditions of the obligation itself were not performed. 37 Cyc. 496; 25 R. C. L. 1405. See annotation, 48 L, R. A. (N. S.) 802. The notes did not supersede the written subscription but were given merely to carry out the terms of that writing which was the sole foundation of the obligation. To permit the county to recover in this case would impose upon the appellee without his consent an obligation which he did not assume.

In a supplemental brief, it is argued that the Legislature transferred the power to build the roads to another governmental agency, and that the validity of appellee's obligation was not affected by the change. The assumption is correct, Wickliffe v. Smith, 225 Ky. 796, 10 S. W. (2d) 291; Brown v. Farmers' Deposit Bank, 223 Ky. 171, 3 S. W. (2d) 215, but the new governmental agency took the benefits of the obligation subject to the same conditions upon which it was given to the county. The county could not maintain an action upon the notes or subscription contract without acceptance, and, when it accepted them, it could not escape the express conditions upon the performance of which the duty to pay depended. Furman University v. Waller, 124 S. C. 68, 117 S. E. 356, 33 A. L. R. 615; Chambers v. Baptist Ed. Soc., 1 B. Mon. 215; Cen-

tral Maine Gen. Hospital v. Carter, 125 Me. 191, 132 A. 417, 44 A. L. R. 1333.

It is clear that the circuit court reached the correct conclusion.

The judgment is affirmed.